**Roy Lee REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 201B CR.**

Court of Appeals of Texas, Beaumont.

Feb. 11, 1987.

Phillip W. Swisher, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, Alfred Walker, First Asst. State's Atty., Austin, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for sexual assault of a child (No. 18,030 in the court below) and compelling prostitution (No. 18,029 in the court below). Both indictments were tried together. Appellant was found guilty of both charges and the jury assessed punishment at twenty years confinement in the Texas Department of Corrections. This opinion resolves the appeal on the compelling prostitution. Appellant alleges six points of error.

The state alleged that appellant intentionally and knowingly caused M.C., a person younger than 17 years, to commit prostitution by encouraging her to engage in sexual conduct for a fee and so succeeding in causing her to have sexual contact with Roy Lee Reese for monetary compensation.

The victim was the 17–year old daughter of appellant's co-defendant, Frankie Jean Conner, but was living with her maternal grandmother. The daughter testified that on at least three separate occasions, she was picked up by the mother, who then picked up appellant. Thereafter, appellant and Conner forced M.C. to have sexual intercourse, while Conner stood outside the car. Appellant would give Conner money to give the victim after the sexual acts were completed. The compelling prostitution indictment grew out of the incident alleged to have occurred on or about January 17, 1985.

The first five points of error involve the form of the verdict and the manner in which it was delivered and received. The jury announced they had reached a verdict when they were initially returned to the courtroom. However, the trial court noticed that the jury had only signed the verdict form in the sexual assault case and had neglected to return a verdict in the compelling prostitution case. The jury returned to the courtroom a second time and the court then noted that the foreman had signed the verdict form which indicated a finding of guilty of the compelling prostitu-

tion charge, but not guilty of the lesser included charge of prostitution. The court sent the jury back to the jury room after the following oral instruction:

> THE COURT: Well, sir, I am going to ask you to go back in there one more time and read the Court's Charge with regard to the offense of compelling prostitution and whether or not you consider the lesser-included offense of prostitution. I will have to ask that you go back there one more time.

The jury again returned to the courtroom and submitted a verdict form which found appellant guilty of compelling prostitution; the original finding of not guilty of the lesser included charge of prostitution had been lined through and changed to a guilty finding. The court then accepted the verdict.

Appellant complains the trial court committed reversible error by: (1) instructing the jury to return to the jury room, after they had returned a verdict of "guilty" on the compelling prostitution and a "not guilty" on prostitution, as such act indicated the court's belief that the "not guilty" verdict was wrong and thus constituted an improper comment, (2) not entering a "not guilty" verdict after receiving the verdict of "not guilty" to the prostitution, (3) sending the jury back to the jury room for further deliberations without having read the verdict aloud in open court, (4) not giving defense counsel an opportunity to poll the jury after having received the verdict and before sending the jury back for further deliberations, and (5) entering a verdict of "guilty" of compelling prostitution after the jury found appellant "guilty" of the lesser included offense of prostitution.

 As to the latter complaint, prostitution may be a lesser included offense of compelling prostitution. *Raven v. State*, 533 S.W.2d 773 (Tex.Crim.App.1976). Therefore, there is no conflict in a finding of guilt on both offenses since all of the elements of the offense of prostitution are

included within the elements of compelling prostitution. Point of error number five is overruled.

■ Those complaints involving the procedure used in accepting the verdict, however, must be viewed differently. It is the duty of the trial judge to reject an informal or insufficient verdict, call the attention of the jury to the informality or insufficiency and either have the same corrected with their consent or send them out again to consider their verdict. *TEX. CODE CRIM.PROC.ANN. art. 37.10* (Vernon Supp.1987); *Neal v. State*, 689 S.W.2d 420 (Tex.Crim.App.1984). *TEX.CODE CRIM.PROC.ANN. arts. 37.04, 37.05* (Vernon 1977) dictate the method to be used in receiving a jury verdict. If a trial judge thinks the verdict is not reduced to its proper form, he should bring this to the attention of the parties prior to directing the jury to retire and further deliberate. *White v. State*, 492 S.W.2d 281 (Tex.Crim.App.1973). While the procedure utilized in the instant case does not parallel that in *Hay v. State*, 472 S.W.2d 157, 160 (Tex.Crim.App.1971), the procedures set out in *art. 37.04* and *art. 37.05* were not utilized and, therefore, reversible error was committed. *White, supra.* Points of error numbers three and four are sustained.

■ Point of error number one is overruled since the trial court did not express any judgment on the priority of the verdict, but simply instructed the jury to read the court's charge. *Neal v. State, supra.* Point of error two is overruled because the actual commission of the offense of prostitution is not a prerequisite to the commission of the offense of compelling prostitution. *Davis v. State*, 635 S.W.2d 737 (Tex.Crim.App.1982).

The sixth point of error alleges the trial court erred in not granting the motion for instructed verdict because the state did not prove that any prostitution took place. As previously noted, this is not a prerequisite to the offense of compelling prostitution. *Davis, supra.* This point is overruled.

The judgment of the trial court is reversed and the cause remanded.

REVERSED AND REMANDED.