**Roy Lee REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 202B CR.**

Court of Appeals of Texas, Beaumont.

Feb. 11, 1987.

Phillip W. Swisher, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for sexual assault of a child (No. 18,030 in the court below) and compelling prostitution (No. 18,029 in the court below). Both indictments were tried together. Appellant was found guilty of both charges and the jury assessed punishment at twenty years confinement in the Texas Department of Corrections. This opinion resolves the appeal on the sexual assault. Appellant alleges three points of error.

The state alleged that appellant, acting as a party, intentionally and knowingly caused the penetration of the vagina of M.C., a female child under the age of 17 years and not appellant's spouse, by inserting his penis into her vagina.

The victim was the 17–year old daughter of appellant's co-defendant, Frankie Jean Conner, but was living with her maternal grandmother. The daughter testified that on at least three separate occasions, she was picked up by the mother, who then picked up appellant. Thereafter, appellant and Conner forced M.C. to have sexual intercourse while Conner stood outside the car. The sexual assault indictment grew out of the incident alleged to have happened on or about December 20, 1984.

The first point of error complains of the following exchange:

Q But you didn't try to get out of the car and leave, did you?

[STATE'S ATTORNEY]: I would object to that. It is irrelevant.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Pass the witness, Your Honor.

■ Appellant maintains that sustaining the state's objection to counsel's attempt to show the complaining witness was not "abducted" was reversible error. At the time of the question, defense counsel did not apprise the court of the reasons for the question, nor attempt to make any bill of exception. In order for a complaint concerning exclusion of testimony to be considered by an appellate court, the record must show what the excluded testimony would have been. Absent that showing or offer of a statement concerning what the excluded testimony would have shown, nothing is presented for review. *Steward v. State*, 686 S.W.2d 118 (Tex.Crim.App. 1984). Point of error number one is overruled.

The final two points of error relate to the question of venue. Point of error number two alleges the trial court erred in not granting appellant's motion for instructed verdict due to no proof that the offense occurred in Montgomery County, Texas. Point of error number three alleges the trial court erred in overruling the appellant's objection to the charge on the issue of "abduction".

■ *TEX.CODE CRIM.PROC.ANN. art. 13.15* (Vernon Supp.1987) is the venue statute for sexual assault. It states, in pertinent part:

Sexual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and sexual assault.

Venue need only be proved by a preponderance of the evidence. *TEX.CODE CRIM.PROC.ANN. art. 13.17* (Vernon

1977). Further, either direct or circumstantial evidence may prove venue. *Black v. State*, 645 S.W.2d 789 (Tex.Crim.App. 1983). Appellant presented the motion in the following form and manner:

The state having rested in Cause Number 18,030, the Defendant, Roy Lee Reese, moves for an instructed verdict of acquittal on the grounds that the evidence is insufficient, and specifically the State has failed to prove that the evidence [sic], if any, occurred in Montgomery County, Texas, and for such grounds, the Defendant moves for a verdict of acquittal.

 Under the venue statute, the state was not solely restricted to proving that the offense occurred in Montgomery County, Texas. Venue is proper if the victim had been abducted in Montgomery County, Texas, or had been transported into or through Montgomery County, Texas, in the course of the abduction and sexual assault. While the victim testified she did not know if the sexual conduct occurred in Montgomery County and could not say in what county it occurred, the victim did state that she was induced to enter the automobile by deception.

She testified her mother told her that appellant was not going to be in the automobile and that she would not have accompanied her if she had known appellant was going to be in the car. An abduction may be accomplished by deception. *Cavazos v. State*, 668 S.W.2d 435 (Tex.App.—Austin 1984, pet. ref'd). Therefore, there was a fact issue as to whether or not an abduction by deception was initiated in Montgomery County. Furthermore, the victim testified that the sexual contact was not consensual; since it was against her will, there was a fact issue under which an abduction by force and threats could have occurred concurrently with the sexual assault, after which M.C. was transported into Montgomery County and released. The issue of abduction was raised and it was, therefore, proper to overrule the motions for instructed verdict and charge the jury. These points of error are overruled. The judgment of the trial court is affirmed.

AFFIRMED.