**Roy Lee REESE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 270–87.**

Court of Criminal Appeals of Texas, En Banc.

June 21, 1989.

Phillip W. Swisher, Conroe, for appellant.

Peter C. Speers, III & J. Lynn Martin, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty. & Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted in a single trial for the offenses of sexual assault of a child, V.T.C.A. Penal Code § 22.011, and compelling prostitution, V.T.C.A. Penal Code § 43.05.[1] The jury assessed punishment at twenty years confinement in the Texas Department of Corrections. Appellant appealed the compelling prostitution conviction to the Ninth Court of Appeals.[2] The lower court reversed, finding the trial court erred in failing to comply with Articles 37.04 and 37.05, V.A.C.C.P.[3] *Reese v. State,* 725 S.W.2d 793 (Tex.App.—Beaumont 1987).

We granted the State Prosecuting Attorney's petition for discretionary review to determine the correctness of the lower court's opinion. We will reverse the Court of Appeals.

The complainant, M.C., was fifteen years old at the time of the offense.[4] Her mother, Frankie Jean Conner was appellant's co-defendant at trial. The young girl lived with her maternal grandmother and did not live with her mother or visit her on a regular basis. The evidence adduced at trial reflects that close to Christmas in 1984, M.C.'s mother approached the girl with the idea of having sex with appellant for money. The complainant refused. On at least three occasions, Conner "tricked" her daughter by making plans with the girl ostensibly to go shopping or visiting friends. After Conner had picked up her daughter and they were traveling in the car, Conner would then pick appellant up. The two would take the girl to a remote location and force her to disrobe and engage in sexual intercourse with appellant.

---

1. Appellant's co-defendant was the victim's mother. On appeal the cause was severed into two separate cases. Our disposition concerns only appellant and the instant case.

2. Appellant also appealed the sexual assault conviction. That appeal was disposed of separately and is not the focus of this opinion. *See Reese v. State,* 725 S.W.2d 795 (Tex.App.—Beaumont 1987) (no pet.).

3. Art. 37.04 provides: When the jury agrees upon a verdict, it shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

Art. 37.05 provides: The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answers in the negative, the jury shall retire again to consider its verdict.

4. The Court of Appeals incorrectly stated that complainant was seventeen years old at the time of the offense. The record reflects that complainant's birthdate is April 11, 1969. She was fifteen years of age on January 17, 1985, the date of the offense.

Appellant gave money to Conner who then later gave money to her daughter. The instant case concerns the incident which occurred on January 17, 1985.

On this particular occasion, Conner invited M.C. to accompany her to the store. Once the two women were traveling in the vehicle, Conner then picked up appellant further down the road and drove to the dump. At this location, Conner exited the vehicle and appellant had M.C. get into the back seat. Appellant wanted M.C. to disrobe and she refused. M.C. was crying and kept pushing appellant away. Conner told her daughter to quit crying and to cooperate so that they could go home. After the assault was completed, Conner took appellant to work and her daughter to the girl's friend's house. Conner told M.C. not to tell anyone because appellant didn't want any trouble and that M.C. "would be in trouble, too." This incident constituted the instant offense.

At trial, there were two different verdict forms submitted to the jury. One form contained blanks for answering "guilty" or "not guilty" for the offense of compelling prostitution. The lesser included offense of prostitution was submitted on the same form with blanks for "guilty" and "not guilty".[5] A separate form for the sexual assault offense was also submitted.

The record reflects apparent confusion among the jurors as to the verdict forms. Upon returning to the courtroom, the jury announced they had reached a verdict. The trial court noticed that only the verdict form in the sexual assault case had been signed by the jury; they had neglected to return any verdict in the compelling prostitution case. The trial court informed the jury that "You forgot to sign a verdict on one and all the jury needs to go back in there a minute". The jury again returned from deliberation having found appellant "guilty" of the compelling prostitution charge, but "not guilty" of the lesser included charge of prostitution. The trial court admonished the jury as follows:

> Well, sir, I am going to ask you to go back in there one more time and read the

Court's Charge with regard to the offense of compelling prostitution and whether or not you consider the lesser-included offense of prostitution. I will have to ask that you go back there one more time.

We note that appellant did not object to the jury being sent back to deliberate at any time.

The jury returned after having deliberated a third time and submitted a verdict which found appellant "guilty" of the offense of compelling prostitution. The original finding of "not guilty" of the lesser charge of prostitution had been lined through and initialed by the foreman, and the "guilty" verdict blank had been signed. The verdict was read aloud, and defense counsel asked to examine the verdict. The court explained to both attorneys that he sent the jury back because he thought there was a conflict with the verdict of "guilty" of compelling prostitution and "not guilty" of the lesser charge of prostitution. Counsel for the defense objected to the form of the verdict, claiming that a finding of "not guilty" on the lesser charge of prostitution precluded a finding of "guilty" of the greater offense of compelling prostitution. The trial court overruled the objection.

Appellant alleged on direct appeal that the trial court erred in not following Arts. 37.04 and 37.05, supra. He claimed that the trial court erred in sending the jury back to the jury room for further deliberations without having read the verdict aloud in open court and also erred in not giving defense counsel an opportunity to poll the jury after having received the verdict and before sending the jury back for further deliberations.

The Court of Appeals agreed with appellant and held that the trial court erred in the procedure employed in receiving the verdict. The court stated:

> TEX.CODE CRIM.PROC. ANN. arts. 37.04, 37.05 (Vernon 1977) dictate the method to be used in receiving a jury verdict. If a trial judge thinks the ver-

---

5. See appendix A.

dict is not reduced to its proper form, he should bring this to the attention of the parties prior to directing the jury to retire and further deliberate. *White v. State*, 492 S.W.2d 281 (Tex.Cr.App.1973). While the procedure utilized in the instant case does not parallel that used in *Hay v. State*, 472 S.W.2d 157, 160 (Tex. Cr.App.1971), the procedures set out in art. 37.04 and art. 37.05 were not utilized and, therefore, reversible error was committed. White, supra. Points of error three and four are sustained.

*Reese*, 725 S.W.2d at 795.

The State contends in its petition that the Court of Appeals erred in its holding. We agree with the State.

The Court of appeals relied on *White*, supra, to support its holding. In that case, the jury returned only one verdict; one of "not guilty". Written somewhere on the charge was the word "guilty". However, on the face of the verdict there was no conflict as to the verdict. The trial court ordered the jury back to its chambers without offering any explanation to the parties. This action however, was *over the objection of defense counsel.* The jury subsequently returned a verdict of "guilty". This Court held that such action was improper because the verdict finding the defendant "not guilty" should have been read aloud in open court so that the defendant could have been afforded an opportunity to have the jury polled.

■ The *White* case is distinguishable from the instant case in two ways. First, defense counsel in the White case objected to the jury being retired for further deliberations. Here, appellant did not object to the jury being retired. Instead, counsel waited until after the jury had been sent back twice to object and then only objected to the form of the verdict. Second, only one verdict in the *White* case was returned; that being one of "not guilty". The verdict was complete and there was no conflict on its face. In the instant case, the first time the jury was sent back it was due to one verdict form not being answered at all. This fact *was* announced in open court and defense counsel did not object. The second time the jury was sent back the court did not specifically point out the problem in the verdict; however, appellant did not object. *Neal v. State*, 689 S.W.2d 420 (Tex.Cr.App. 1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985). Moreover, a poll of the jury was never requested by appellant at any time. A poll of the jury must be requested or it is waived. *Mathis v. State*, 471 S.W.2d 396 (Tex.Cr.App.1971). The *White* case is therefore not dispositive of the issues appellant presents.

■ A verdict must be certain, consistent, and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous. *Eads v. State*, 598 S.W.2d 304 (Tex.Cr.App.1980). An incomplete or unresponsive verdict should not be received by the court. *Id.* It is not only within the power, but it is the duty of the trial judge, to reject an informal or insufficient verdict, call to the attention of the jury the informality or insufficiency, and have the same corrected with their consent, or send them out again to consider their verdict. *Neal* and *Eads*, both supra.

In *Jones v. State*, 511 S.W.2d 514 (Tex. Cr.App.1974), a fact situation similar to the instant case arose wherein the jury became confused due to the submission of two verdict forms in two different cases. The jury was asked to retire for further deliberation after the foreman dissented to the answer given on one form. It appears the form did not reflect the jury's unanimous verdict. We held in that case that the trial court properly requested further deliberation by the jury. We found there was no objection to the procedure in sending the jury back for further deliberation. *Id.* at 516–517. There we also distinguished *White*, supra, noting there was no dissent to the verdict in the *White* case, while in the *Jones* case it was apparent that a mistake had been made. *Id.* Therefore, we found there was no error in the procedure employed by the trial court in the *Jones* case.

■ In the instant case it is obvious that the jury was confused by the forms and the numerous blanks. *Jones*, supra. The first time the jury returned from deliberation,

no verdict was answered in the compelling prostitution offense at all. The second time the jury returned from deliberations, the trial judge found the forms to be in conflict and insufficient. *Eads* and *Neal*, both supra. *Cf.* Arts. 37.08 and 37.10, V.A. C.C.P. Due to this conflict, the trial court not only had the power to send the jury back for further deliberations but it was his duty to do so. *Neal*, supra. Appellant did not object to the jury being retired for further deliberation without any explanation from the bench, nor did he request a jury poll at any point. *Neal* and *Mathis*, supra. Once an unambiguous verdict for both offenses was returned, the trial court then read the verdicts aloud. Art. 37.04, supra. *Cf. Hay v. State*, 472 S.W.2d 157 (Tex.Cr.App.1971).

We hold that the trial judge was correct in sending the jury back for further deliberation, and did not err in the procedure employed in accepting the verdict. *Neal* and *Mathis*, both supra. The judgment of the Court of Appeals is reversed, the conviction is affirmed.

## APPENDIX A

### No. 18,029

| | | |
|---|---|---|
| THE STATE OF TEXAS | S | IN THE DISTRICT COURT OF |
| VS. | S | MONTGOMERY COUNTY, TEXAS |
| ROY LEE REESE and FRANKIE JEAN CONNER | S | 221ST JUDICIAL DISTRICT |

### VERDICT OF THE JURY

We, the Jury, find the defendant, Roy Lee Reese, Guilty of the offense of Compelling Prostitution, as charged in the indictment.

_____
Foreperson of the Jury

We, the Jury, find the defendant, Roy Lee Reese, Not Guilty of the offense of Compelling Prostitution.

_____
Foreperson of the Jury

We, the Jury, find the defendant, Roy Lee Reese, Guilty of the lesser included offense of Prostitution.

_____
Foreperson of the Jury

We, the Jury, find the defendant, Roy Lee Reese, Not Guilty of the lesser included offense of Prostitution.

6/6/85
_____
Foreperson of the Jury

**320**

CLINTON, Judge, concurring.

In reversing the judgment of the court of appeals, the majority finds "confusion among the jurors" and faults counsel for appellant for failures to object. Yet it is clear enough to me that a verdict finding appellant guilty of compelling prostitution and not guilty of prostitution is not a product of "confusion," and, further assuming counsel was even aware of that verdict, that he had any ground for objecting.

After all, the whole contretemps arose when the judge of the trial court unilaterally determined that the first signed verdict form for prostitution offenses was, as the State Prosecuting Attorney characterizes it, "not suitable to the trial judge." PDR, at 4. As a consequence there is a jury verdict finding appellant guilty of *both* compelling prostitution and the lesser included offense of prostitution.

And, we are given to understand, thereafter judge and counsels discussed the incident and in retrospect concluded that consistently with the charge of the court the jury never should have reached the lesser included offense. Bingo!

Considering that the jury assessed punishment for the sexual assault offense at twenty years confinement, *Reese v. State,* 725 S.W.2d 795 (Tex.App.—Beaumont 1987), this cause is practically much ado about nothing, so I join only the judgment of the Court.