Segura v State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00640-CR







Felix Segura, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0945205, HONORABLE LARRY FULLER, JUDGE PRESIDING







 A jury convicted appellant on one count of aggravated sexual assault and two
counts of indecency with a child. Tex. Penal Code Ann. §§ 22.021, 21.11 (West 1994). (1) In
accordance with the jury's verdict, the trial court sentenced appellant to twenty five years'
imprisonment on the sexual assault count and ten years' probation on each of the remaining
counts.

 In two points of error appellant claims that he was denied effective assistance of
counsel and that the court erred in accepting the jury's verdict as to sentencing. We will affirm
the trial court's judgment.




BACKGROUND


 On July 16, 1994, a friend invited appellant to go swimming at a motel. The friend
also brought his three children and F.R., a six year old friend of the family. The group swam at
the motel pool until the early evening. During the afternoon, appellant drank a six-pack of beer.

 At sundown, appellant agreed to drive F.R. home. Along the way, appellant
stopped the car and pulled down his pants, exposing his penis to the boy. Appellant then grabbed
the boy and forced his penis into the boy's mouth. At the same time, appellant put his hands
inside the boy's pants. After a moment, the boy pulled away, and appellant pulled up his pants
and drove the boy home.

 A jury found appellant guilty of aggravated sexual assault on count one and guilty
of indecency with a child on counts two and three. The jury initially assessed punishment at
twenty five years' imprisonment on count one, twenty years' probation on count two, and ten
years' probation on count three. The court accepted the jury's verdicts on counts one and three
and ordered the jury to resume deliberations with instructions to reread the charge on count two. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 4d(1) (West Supp. 1996) (probation only
permissible when sentence imposed is ten years or less). After further deliberation, the jury
assessed punishment at ten years' probation on count two, and the court accepted this verdict. 



DISCUSSION


 In his first point of error, appellant contends that he was denied effective assistance
of counsel because his trial counsel (1) failed to request hearings or obtain rulings on several pre-trial motions; (2) stated during opening argument that the evidence would show that appellant had
committed some of the acts alleged in the indictment; (3) objected only once during trial; and (4)
failed to adequately cross-examine the State's witnesses.

 The proper standard for determining claims of ineffective assistance of counsel is
set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Jackson v. State, 877 S.W.2d
768, 770-71 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim.
App. 1986) (adopting the Strickland standard). First, the defendant must show that counsel's
performance was deficient, falling below an objective standard of reasonableness. Strickland, 466
U.S. at 687; Jackson, 877 S.W.2d at 771. Second, the defendant must show that counsel's
deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d
at 771. To demonstrate prejudice, the defendant must show that "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at 771; Wilkerson v. State, 726
S.W.2d 542, 548 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. 
Jackson, 877 S.W.2d at 771. Furthermore, a reviewing court must indulge a strong presumption
that counsel's conduct falls within the wide range of reasonable professional assistance. "The
defendant must overcome the presumption that, under the circumstances, the challenged action
`might be considered a sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877 S.W.2d
at 771. In other words, the record presented to the reviewing court must rebut the presumption
of reasonable professional assistance. Jackson, 877 S.W.2d at 771.

 In support of his position, appellant first contends that trial counsel filed several
pre-trial motions but did not request hearings, obtain rulings, or receive orders from the court on
these motions. Neither a failure to file pretrial motions nor a failure to obtain a ruling on pretrial
motions constitutes ineffective assistance of counsel per se. Wills v. State, 867 S.W.2d 852, 857
(Tex. App.--Houston [14th Dist.] 1993, pet. ref'd.); see also Huynh v. State, 833 S.W.2d 636, 638
(Tex. App.--Houston [14th Dist.] 1992, no pet.). Furthermore, appellant does not explain how
a given ruling on any particular motion might have altered the outcome of his trial. Additionally,
trial counsel may have obtained the relief sought in the motions without the need of a formal
hearing. He also may have decided that the motions were not necessary, or that his efforts would
be better directed elsewhere. Such discretion is within the wide range of reasonable professional
assistance. Wills v. State, 867 S.W.2d at 857. Appellant has failed to show how trial counsel's
omissions prejudiced his defense.

 Second, appellant contends that trial counsel's opening statement deprived him of
a fair trial. During opening statement, trial counsel stated, "[I]t is my belief that at the end of this
trial you are going to believe that Mr. Segura committed one or more of the acts alleged in the
indictment." This statement does not constitute ineffective assistance of counsel. Even appellant
concedes that the statement might have been a trial tactic intended to focus the jury's attention on
appellant's punishment, hoping for probation. In light of the strong evidence against appellant,
trial counsel acted within the wide range of strategic discretion in attempting to lead the jury into
assessing a more lenient punishment. See Hathorn v. State, 848 S.W.2d 101, 118 (Tex. Crim.
App. 1992), cert. denied, 113 S. Ct. 3062 (1993) (reasonable for trial counsel to concede guilt
in attempt to secure lesser punishment). 

 Third, appellant contends that trial counsel made only one objection throughout the
entire proceeding. Initially, we note that only four witnesses testified at trial, and the evidentiary
portion of the trial lasted a single day. Especially given the brevity of the trial, failure to object
can constitute a sound and plausible trial strategy, rather than ineffective assistance of counsel. 
Trial counsel's failure to object may have been part of a strategy of appearing open and honest
before the jury in the attempt to earn their goodwill and secure probation as punishment. See
Thomas v. State, 886 S.W.2d 388, 392 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (failure
to object constituted plausible trial strategy to persuade jury with appearance of candor and
confidence). Furthermore, appellant fails to show how any particular "omitted" objection
prejudiced his defense. He does not point out any instance where the State improperly examined
a witness, offered inadmissible evidence, tendered improper jury argument, or committed any
other prejudicial act not preserved by objection.

 Fourth, appellant argues that counsel did not thoroughly cross-examine the State's
witnesses. Specifically, appellant contends that the evidence revealed that he almost left the motel
without F.R., implying that he had no intent to molest a boy whom he almost forgot to take with
him. Appellant urges that trial counsel should have more adequately developed the issue of
appellant's intent through cross-examination. However, once again appellant fails to explain how
the trial's outcome would have been affected had trial counsel acted differently. 

 Furthermore, appellant complains that counsel inadequately cross-examined the
State's witnesses by improperly dwelling on his intoxication on the day of the crime. Because
intoxication is not an available defense, appellant questions trial counsel's trial strategy. While
intoxication is not a defense to a crime, the jury may consider a defendant's level of sobriety in
mitigation of punishment. Therefore, as with the opening statement, trial counsel's trial strategy
may have been to win the jury's sympathy and increase appellant's chances of receiving probation. 
 

 Appellant's claims of ineffective assistance of counsel fail to meet the Strickland
standards. Appellant shows neither that trial counsel's efforts were deficient to the point of
denying him a fair trial nor that his representation prejudiced the outcome of the trial. We
overrule appellant's first point of error.

 In appellant's second point of error he claims that the court erred in accepting the
jury's verdict on sentencing. Appellant asserts that the jury did not understand the court's
instructions as to probation as evidenced by the inappropriate sentence they initially delivered on
count two. 

 The jury initially assessed punishment at twenty five years' imprisonment on count
one, twenty years' probation on count two, and ten years' probation on count three. The court
accepted the jury's verdicts on counts one and three and ordered the jury to resume deliberations
with instructions to reread the charge on count two. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 4d(1) (West Supp. 1996) (probation only permissible when sentence imposed is ten years or
less). After further deliberation, the jury assessed punishment at ten years' probation on count
two, and the court accepted this verdict. Appellant has shown no harm arising from the jury's
initial error in their assessment of punishment on count two. Any harm was cured when the judge
refused to accept the sentence, ordered the jury to resume deliberations, and then accepted the
jury's second verdict on count two. In fact, the jury returned a lesser sentence after continued
deliberation. 

 It is the duty of the trial judge to reject incomplete or insufficient verdicts, call the
problem to the attention of the jury, and then correct the problem with their consent or send them
out again to reconsider their verdict. Reese v. State, 773 S.W.2d 314, 317 (Tex. Crim. App.
1989); White v. State, 866 S.W.2d 78, 86 (Tex. App.--Beaumont 1993, no pet.). Therefore, the
trial court properly ordered the jury to resume deliberations on count two. 

 Appellant also contends that the final sentence taken as a whole was logically
inconsistent and hence improper. Appellant argues that the jury must have misunderstood the
judge's sentencing instructions as evidenced by assessing confinement on count one and probation
on the remaining counts. We fail to see how the sentence is so logically inconsistent as to require
reversal. It is entirely reasonable for the jury to have intended to incarcerate appellant for the
more serious charge in count one, yet grant probation for the less serious charges in counts two
and three. We overrule appellant's second point of error.



CONCLUSION


 Having overruled both of appellant's points of error, we affirm the trial court's
judgment of conviction.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd 

Affirmed

Filed: May 1, 1996

Do Not Publish
1.   These offenses took place before September 1, 1994 and are governed by the law in
effect at the time the offenses occurred. Because the code amendments effective
September 1, 1994 have no substantive effect on the offenses, we cite the current code for
convenience.



d have been affected had trial counsel acted differently. 

 Furthermore, appellant complains that counsel inadequately cross-examined the
State's witnesses by improperly dwelling on his intoxication on the day of the crime. Because
intoxication is not an available defense, appellant questions trial counsel's trial strategy. While
intoxication is not a defense to a crime, the jury may consider a defendant's level of sobriety in
mitigation of punishment. Therefore, as with the opening statement, trial counsel's trial strategy
may have been to win the jury's sympathy and increase appellant's chances of receiving probation. 
 

 Appellant's claims of ineffective assistance of counsel fail to meet the Strickland
standards. Appellant shows neither that trial counsel's efforts were deficient to the point of
denying him a fair trial nor that his representation prejudiced the outcome of the trial. We
overrule appellant's first point of error.

 In appellant's second point of error he claims that the court erred in accepting the
jury's verdict on sentencing. Appellant asserts that the jury did not understand the court's
instructions as to probation as evidenced by the inappropriate sentence they initially delivered on
count two. 

 The jury initially assessed punishment at twenty five years' imprisonment on count
one, twenty years' probation on count two, and ten years' probation on count three. The court
accepted the jury's verdicts on counts one and three and ordered the jury to resume deliberations
with instructions to reread the charge on count two. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 4d(1) (West Supp. 1996) (probation only permissible when sentence imposed is ten years or
less). After further deliberation, the jury assessed punishment at ten years' probation on count
two, and the court accepted this verdict. Appellant has shown no harm arising from the jury's
initial error in their assessment of punishment on count two. Any harm was cured when the judge
refused to accept the sentence, ordered the jury to resume deliberations, and then accepted the
jury's second verdict on count two. In fact, the jury returned a lesser sentence after continued
deliberation. 

 It is the duty of the trial judge to reject incomplete or insufficient verdicts, call the
problem to the attention of the jury, and then correct the problem with their consent or send them
out again to reconsider their verdict. Reese v. State, 773 S.W.2d 314, 317 (Tex. Crim. App.
1989); White v. State, 866 S.W.2d 78, 86 (Tex. App.--Beaumont 1993, no pet.). Therefore, the
trial court properly ordered the jury to resume deliberations on count two. 

 Appellant also contends that the final sentence taken as a whole was logically
inconsistent and hence improper. Appellant argues that the jury must have misunderstood the
judge's sentencing instructions as evidenced by assessing confinement on count one and probation
on the remaining counts. We fail to see how the sentence is so logically inconsistent as to require
reversal. It is entirely reasonable for the jury to have intended to incarcerate appellant for the
more serious charge in count one, yet grant probation for the less serious charges in counts two
and three. We overrule appellant's second point of error.



CONCLUSION


 Having overruled both of appellant's points of error, we affirm the trial court's
judgment of conviction.