NO. 07-08-0082-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2009

_____

JUAN J. ZUNIGA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,075; HON. BRAD UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant was convicted of aggravated assault of a public servant. He seeks to reverse the conviction by contending that 1) the trial court erred in ordering the jury to continue to deliberate when it returned with a conflicting verdict, and 2) the evidence was legally and factually insufficient to sustain the conviction. We affirm the judgment.

*Background*

On September 15, 2006, Officer Mark Wall was on patrol in Lubbock around 2:00 a.m. when he observed two individuals wearing dark clothing walking down the street and

shielding their faces every time a car passed. He parked his vehicle to observe their activities and turned on one of his spotlights to do so. At that time, he saw one of the individuals, who was later identified as appellant, turn to the other person and appear to mouth the word "police." The men then turned to enter the alley after which they spoke to each other again and returned to the sidewalk. As Wall exited his vehicle, the individual with appellant reached into his waistband, withdrew an object, and began firing at the squad car. Nine shell casings were found in the area, some from a .40 caliber weapon and others from a .45 caliber. Appellant later told his girlfriend that he too fired at the officer.

*Issue 1 - Conflicting Verdict*

One commits aggravated assault by engaging in an assault that causes serious bodily injury or by using or exhibiting a deadly weapon during an assault. TEX. PENAL CODE ANN. §22.02(a)(1) & (2) (Vernon Supp. 2009). The State selected the second mode in accusing appellant at bar of the crime. That is, it charged him with intentionally and knowingly threatening the officer "with imminent bodily injury and did then and there use a deadly weapon . . . ." Moreover, in charging the jury at the end of the guilt/innocence phase of the trial, the trial court told the jury that "[a]n assault is aggravated assault when it is committed *with a deadly weapon.*" (Emphasis added). Thereafter, the jury returned a verdict holding appellant "guilty of the offense of aggravated assault of a public servant *with a deadly weapon*, as charged in the indictment." (Emphasis added). Yet, *viz* a "special issue," it again was asked to answer whether appellant used a deadly weapon in the assault. This question was initially answered, "[w]e do not." The trial court viewed the answers to the guilt question and special issue as conflicting, informed the jury of that, and directed it to continue deliberating. Eventually, the jury changed its answer to the special

2

issue to "[w]e do." According to appellant, the trial court erred in directing the jury to further deliberate. We overrule the issue.

It is clear that a verdict must be certain, consistent and definite; it cannot be conditional, qualified or ambiguous. *Reese v. State,* 773 S.W.2d 314, 317 (Tex. Crim. App. 1989). Moreover, a trial court has the duty to reject an informal or insufficient verdict, call it to the attention of the jury, have the matter corrected with its consent, or send the jury out again to consider its verdict. *Id.* at 317. Since a prerequisite to finding appellant guilty of aggravated assault required it to find he used a deadly weapon, the jury's answering the special issue as it did conflicted with its answer to the general question on guilt. Thus, the trial court acted within its lawful discretion in doing as it did.

*Issues 2 and 3 - Sufficiency of the Evidence*

Next, appellant claims that the verdict was both legally and factually insufficient to support the verdict. This is allegedly so because Wall did not see appellant (but only his acquaintance) draw a weapon, and the trial court did not submit a parties charge. We overrule the issues.

The record contains evidence that 1) two different caliber of shell casings (.40 and .45) were found at the crime scene, 2) the casings were fired from two different guns, 3) appellant's girlfriend disclosed to the police a conversation she had with appellant wherein he said he too began firing a weapon, and 4) appellant initially gave a voluntary statement to police wherein he mentioned information unknown to the public. This evidence, when viewed in the light most favorable to the verdict, was and is sufficient to allow the jury to rationally conclude, beyond reasonable doubt, that appellant committed aggravated assault as charged in the indictment.

3

In questioning the factual sufficiency of the evidence, appellant suggests his colleague could have wielded both guns given the grouping of the shell casings. While it might be possible for one person to have fired both firearms, the jury also could have inferred lawfully from the evidence that each man carried and fired one. Furthermore, appellant admitted that to his girlfriend. And, though his girlfriend not only gave conflicting statements to police but also tried to blame the shooting on others, her credibility was for the jury to resolve. In sum, we cannot say that the manner in which it resolved the credibility issues and ultimately ruled is clearly against the weight of the evidence or undermines our confidence in the verdict. The evidence is both legally and factually sufficient.

The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

4