

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0344-12

**DAVID COOK, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S AND APPELLANT'S
### PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

**HERVEY, J., filed a concurring opinion in which KEASLER, J., joined.**

### CONCURRING OPINION

I have a problem with this case. Long ago this Court succinctly stated,

> [I]n the reassembling of the jury, it was not a mere correction of an informality in the verdict that was attempted but the rendition of an entirely different verdict. Under the verdict first received, the right of having the appellant's sentence suspended was accorded, while in that subsequently written, this privilege was denied.
>
> It is believed that before the jurors were reassembled their identity as an organized body had ceased, and the verdict upon which the judgment rests is but the act of a collection of individuals who had previously been

members of the jury. To give a verdict the vitality that will authorize the imprisonment of an individual, it is essential that it be by a jury selected and impaneled under the forms of law and that the verdict be rendered before the jury is dissolved.

*Perryman v. State*, 102 Tex. Crim. 531, 278 S.W. 439 (1925).

But this case presents a conundrum. The Texas Code of Criminal Procedure provides,

When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. *If in proper form and no juror dissents therefrom*, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

TEX. CODE CRIM. PROC. art. 37.04 (emphasis added). Although "a" verdict was read to the jury, the jury confirmed that the verdict was unanimous, and the jury was discharged, the judge reconvened the jury because she had become aware of "some question" with "the verdict or the verdict form." The judge then began polling the jurors, revealing an obvious change in the sentence intended by the jurors. All of this occurred without objection.

In *Reese v. State*, 773 S.W.2d 314 (Tex. Crim. App. 1989), the appellant argued that the trial court erred in not following Article 37.04 when it sent the jury back to the jury room to re-deliberate. This Court disagreed and explained,

A verdict must be certain, consistent, and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous. An incomplete or unresponsive verdict should not be received by the court. It is not only within the power, but it is the duty of the trial judge, to reject an informal or insufficient verdict, call to the attention of the jury the

> informality or insufficiency, and have the same corrected with their consent,
> or send them out again to consider their verdict.

*Id.* at 317 (citations omitted).

In the case at hand, the jury clearly had a problem with the verdict form, as recognized by the trial judge when she reconvened the jury and polled four of the jurors. The record contains verdict forms on two different pages. The first page has two options, one for penitentiary time without probation and one for penitentiary time probated. Both are filled in and signed by the presiding juror. The second page only contains the option of penitentiary time probated. While it is true that the jury assented to a verdict indicating the probated sentence, the second option on page one of the verdict form, the option providing for probation, has been crossed through with three lines and was initialed by the presiding juror (the second page remains blank). We do not know when that section was crossed out, so it is possible that the jurors had filled out both portions of the verdict form, thus resulting in an inconsistent verdict. Or we could speculate that this was done at some later time. We simply do not know.

If this verdict form caused confusion and an inconsistency, the trial judge could have sent the jury back for further deliberations pursuant to Article 37.04 based on an inconsistent or conflicting verdict, which may have required an objection. *See Reese*, 773 S.W.2d at 317 (holding that, when the jury's original verdict forms were in conflict and insufficient, the trial judge did not err in sending the jury back to re-deliberate because the trial court had the duty to send the jury back to deliberate and the appellant did not object

to the trial court's actions); *see also Partida v. State*, 133 S.W.3d 738, 744 (Tex. App.—Corpus Christi 2003, no pet.).  But this record, without conjecture and speculation, causes this house of cards to fall against the State.  Therefore, though the record is not a model of clarity, I am constrained to concur.

Hervey, J.

Filed: January 30, 2013

Publish