

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0851-14 & PD-0852-14

### REGINALD NIXON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### TARRANT COUNTY

**ALCALA, J., filed a dissenting opinion.**

## DISSENTING OPINION

When must a trial judge refuse to accept a jury's verdict and order it to continue deliberating until it reaches another verdict? I conclude that a trial judge must refuse to accept a jury's verdict when it contains ambiguity that rises to the level that the jury's intent cannot be fairly discerned by the trial court. Under those circumstances, a trial court should

proceed under Article 37.10(a) of the Code of Criminal Procedure, which requires a judge to inform the jury about its failure to comply with the formal requirements for a verdict and to reduce its verdict to a proper form. *See* TEX. CODE CRIM. PROC. art. 37.10(a). Applying that article to this case, I would uphold the court of appeals's judgments affirming the trial court's judgments that sentenced Reginald Nixon, appellant, to the prison terms assessed by the jury in its subsequent verdicts that were reached after the trial judge rejected its original verdicts. *See Nixon v. State*, Nos. 07–13–00389–CR, 07–13–00390–CR, 2014 WL 2553372, at *2 (Tex. App.—Amarillo June 4, 2014, pet. granted). This Court's decision to disregard the subsequent verdicts and to reform appellant's sentences to the lower prison terms in the original verdicts, which are half of what the jury actually intended, is a windfall for appellant that is not required under the law. I, therefore, respectfully dissent from this Court's judgments.

The facts in this case are not in dispute. During punishment deliberations, the jury asked the trial court whether the two sentences that it would be imposing would run concurrently or consecutively. The judge declined to answer that question, instead instructing the jury to continue deliberating by applying the law that it had previously been given. After that, the jury filled out verdict forms indicating that appellant was to be sentenced to a prison term of seven years for evading arrest and another prison term of nine years for burglary of a habitation, but it also qualified those verdicts by indicating with an asterisk that the sentences were to run consecutively. The trial court, however, could not order the sentences

to run consecutively because the Texas Penal Code required that they run concurrently. *See*

TEX. PENAL CODE § 3.03(a). The trial court rejected the jury's original verdicts, it instructed

the jury that any sentences would run concurrently as a matter of law, and it told the jury to

continue its deliberations. The jury then subsequently returned verdict forms sentencing

appellant to sixteen years for each offense.

In rejecting the jury's original verdicts and instructing it to continue deliberating, I

conclude that the trial court acted within the authority of Code of Criminal Procedure Article

37.10(a), which states,

> If the verdict of the jury is informal, its attention shall be called to it, and with
> its consent the verdict may, under the direction of the court, be reduced to the
> proper form. If the jury refuses to have the verdict altered, it shall again retire
> to its room to deliberate, unless it manifestly appear that the verdict is intended
> as an acquittal; and in that case, the judgment shall be rendered accordingly,
> discharging the defendant.

*See* TEX. CODE CRIM. PROC. art. 37.10(a). This Court's precedent is instructive in explaining

the meaning of Article 37.10(a). *See id.* This Court has observed that an informal verdict

is one that "does not meet the legal requirements of being . . . answered as authorized." *See*

*Jennings v. State*, 302 S.W.3d 306, 309 (Tex. Crim. App. 2010). Article 37.10(a), this Court

has explained, "sets out the method to repair [such a verdict's] informality." *Id.* To meet its

legal requirements, a verdict should be unambiguous with respect to the jury's intent. *See*

*Reese v. State*, 773 S.W.2d 314, 317 (Tex. Crim. App. 1989). This Court has stated,

> A verdict must be certain, consistent, and definite. It may not be conditional,
> qualified, speculative, inconclusive, or ambiguous. An incomplete or
> unresponsive verdict should not be received by the court. It is not only within

the power, but it is the duty of the trial judge, to reject an informal or insufficient verdict, call to the attention of the jury the informality or insufficiency, and have the same corrected with their consent, or send them out again to consider their verdict.

*Id.* (citations omitted). Here, because the jury's verdicts contained surplusage that called into question the jury's intent, the trial-court judge could have reasonably concluded that the initial verdicts were ambiguous, and, on that basis, the court acted within its authority by sending the jury out to clarify its verdicts.

Not only must a trial court reject a verdict that is so ambiguous that the jury's intent cannot be fairly ascertained, but the trial court's instructions to the jury on which it relies to reach a verdict should inform it about the applicable law. Here, the trial court could properly have provided the applicable law that the sentences in these cases would run concurrently. *See* TEX. PENAL CODE § 3.03(a); *Gordon v. State*, 633 S.W.2d 872, 879 (Tex. Crim. App. 1982) (holding that the trial court's truthful answer to the jury's question inquiring whether the sentences would run consecutively or concurrently was not improper); *Haliburton v. State*, 578 S.W.2d 726, 729 (Tex. Crim. App. 1979) (same, and reasoning that the trial court's supplemental charge informing the jury that defendant's sentences would run concurrently was "a proper matter for jury consideration"). In *Haliburton*, this Court explained the rationale underlying its holding as follows:

The policy of the law should require juries to make informed and intelligent decisions based on every piece of information legally available. [To disallow the trial court's response regarding concurrent sentences] would exclude information from the jury hoping that in their ignorance the jury would return a less severe punishment. Such a result is not supported by law or logic.

*Haliburton*, 578 S.W.2d at 729.

Because the trial court could properly have informed the jury that the law required concurrent sentences in this case and it had neglected to inform the jury as to that law even after the jury sent a question asking about it, the jury was unaware of whether the sentences would run consecutively or concurrently and of whether it or the trial court would decide the matter of consecutive or concurrent sentencing. It would have been rational for the jury to believe, therefore, that the matter of whether the sentences would run concurrently or consecutively was within its power to decide. Under these circumstances, I conclude that the jury's asterisk reflects that the jury was attempting to communicate its desire to sentence appellant to sixteen years in prison for each of the two offenses if the sentences were to run concurrently and seven and nine years in prison for each of the offenses if the sentences were to run consecutively.[1] Thus, I conclude that the original verdicts did not meet the legal requirements for verdicts because they were not "certain" or "definite," in the sense that they were "conditional" upon the sentences running consecutively. *See Reese*, 773 S.W.2d at 317. Because of the ambiguity in the jury's original verdicts, the court of appeals properly held that the trial court was authorized to reject those verdicts and to order the jury to continue deliberating until it reached proper subsequent verdicts in light of the applicable law. *See* TEX. CODE CRIM. PROC. art. 37.10(a).

---

[1]In any event, even if consecutive sentences had been permissible in this case, the matter of whether sentences are to run concurrently or consecutively is one for a trial judge rather than a jury. *See* TEX. CODE CRIM. PROC. art. 42.08 (vesting in trial court authority to order concurrent or consecutive sentences).

Nothing about these facts suggests that the jury's original verdicts were an attempt to formally assess punishment that was not authorized by law for the offenses. I, therefore, disagree that the outcome of this case is controlled by Article 37.10(b), which applies when a jury returns a verdict that assesses a punishment not authorized by law. *See* TEX. CODE CRIM. PROC. art. 37.10(b). Thus, this situation is unlike one in which the jury has formally assessed an unauthorized punishment, such as imposing a jail term that exceeds the statutory maximum. *See Vance v. State*, 970 S.W.2d 130, 132 (Tex. App.—Dallas 1998, no pet.) (affirming trial court's reformation, following motion for new trial, of defendant's jail sentence from 730 days to 365 days, where 365 days was maximum allowed by statute and jury charge had erroneously instructed jury that it could impose sentence of 730 days).

I would uphold the jury's subsequent verdicts in this case that set appellant's punishment at sixteen years in prison for each offense. I would not reform appellant's punishment to the lower prison terms of seven years and nine years in prison, respectively. Because this Court's holding results in a windfall to appellant that is unnecessary under our laws, I respectfully dissent.

Filed: February 24, 2016

Publish