**Opinion filed August 13, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00171-CR

_____

## ELLIE JEAN LARA MONTOYA WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-17-0812-CR**

### O P I N I O N

An Ector County jury found Appellant, Ellie Jean Lara Montoya Williams, guilty of two counts of injury to a child by omission causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.04 (West 2019). The jury assessed Appellant's punishment for each count at confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years. The trial court sentenced Appellant accordingly and ordered that the sentences run concurrently. In her sole issue,

Appellant argues that the trial court abused its discretion when it denied Appellant's motion for mistrial after the jury returned an ambiguous verdict. We affirm.

*Background Facts*

The victim in both counts is Appellant's six-year-old daughter, R.T. In March 2017, Appellant lived with her boyfriend, their three children, and R.T. After coming to believe that R.T. had burned her half brother with hot water, Appellant's boyfriend punished R.T. by holding R.T.'s hand under hot water, which resulted in significant burns to R.T.'s hand. Appellant was present when R.T.'s hand was burned, but she failed to prevent her boyfriend from burning R.T. and subsequently failed to provide or seek any medical care for R.T.

Appellant was charged by indictment with two counts of injury to a child by omission causing serious bodily injury. Count I focused on Appellant's failure to prevent Appellant's boyfriend from burning R.T. Count II focused on Appellant's failure to seek medical attention for R.T. Appellant pleaded not guilty to both counts.

At trial, one of the contested issues was whether R.T.'s injuries constituted serious bodily injury, as charged in the indictment, or simply bodily injury, which would make Appellant guilty of the lesser included offense of injury to a child by omission causing bodily injury. *See* PENAL § 22.04(f). The trial court's original jury charge on guilt/innocence contained an error. With regard to Count II, the application section of the jury charge instructed the jury to sign Verdict Form C if they found Appellant guilty of the charged offense of injury to a child by omission causing serious bodily injury. However, on its face, Verdict Form C stated that the jury found Appellant guilty "of the *lesser included offense* of Injury to a Child by Omission" (emphasis added).

When the jury initially returned from deliberations on guilt/innocence, the foreperson had signed Verdict Form A, finding Appellant guilty of injury to a child

2

by omission as charged in Count I of the indictment, and Verdict Form C, which contained the error. After the foreperson read the two signed verdict forms, the trial court noticed the discrepancy and called both parties to the bench. The trial court and the attorneys then had a conversation outside of the hearing of the court reporter. The trial court then sent the jury to recess in the jury room.

Outside the presence of the jury, Appellant moved for a mistrial. While the parties were presenting their arguments concerning the motion for mistrial, the jury sent out a note that stated: "We, the Jury, are unaware of whether there is some confusion as to our findings or if the wrong forms were signed. We, the Jury, found the defendant guilty on BOTH Counts 1 & 2." The State then argued that, because there was a clear error on Verdict Form C, the trial court should amend the charge and send the corrected version back to the jury for further deliberation. Appellant's counsel objected to "sending any corrected form back" and made multiple requests to have the jury polled. The trial court denied Appellant's requests to poll the jury and overruled Appellant's motion for mistrial.

The trial court then brought the jury back and explained that the original verdict forms were incorrect and that the trial court had prepared amended verdict forms. The trial court read the amended verdict forms aloud to the jury and then sent the jury back to deliberate again. When the jury returned, the foreperson had signed the amended Verdict Form A and amended Verdict Form C, finding Appellant guilty of both counts of injury to a child by omission causing serious bodily injury. The trial court then polled the jury, and all twelve jurors answered in the affirmative for both counts. The trial court then accepted and received the verdicts.

*Analysis*

Appellant argues that the trial court abused its discretion when it denied Appellant's motion for mistrial and sent the jury back to deliberate with an amended charge.

3

A mistrial is a device used to halt trial proceedings when an error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is an appropriate remedy in "extreme circumstances" and is reserved for a narrow class of highly prejudicial and incurable errors. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

When a party moves for mistrial, the scope of appellate review is limited to whether the trial court erred in not taking the most serious action of ending the trial. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). We review a trial court's decision on a motion for mistrial using an abuse-of-discretion standard of review. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). An appellate court must "view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). We do not substitute our judgment for the trial court's judgment. *Id.* Instead, "we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.* (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)).

In this case, the trial court did not err in denying Appellant's motion for mistrial. "A verdict must be certain, consistent, and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous." *Reese v. State*, 773 S.W.2d 314, 317 (Tex. Crim. App. 1989). It is the trial judge's duty to reject an insufficient, unresponsive, incomplete, or informal verdict, call the jury's attention to the problem, and have the problem corrected either with the jury's consent or by sending them out to reconsider the verdict. TEX. CODE CRIM. PROC. ANN. art. 37.10(a) (West 2006); *Reese*, 773 S.W.2d at 317.

Here, because of the inconsistencies between the instructions in the jury charge and the language of the verdict forms, the trial court did not err in amending the verdict forms and sending the jury back to deliberate based on the amended charge. In light of the conflicting instructions, the original verdict forms were ambiguous, and the trial court in this case adhered to its duty to reject such verdicts. *See Reese*, 773 S.W.2d at 318. Moreover, the record shows that the jury was confused by the instructions and the numerous verdict forms. *See id.* at 317–18. In their note to the trial court, the jury stated that it was unaware "if the wrong forms were signed" but that the jury found the defendant "guilty on BOTH Counts 1 & 2." Additionally, when the jury first returned from deliberations, the foreperson had only signed Verdict Form A and Verdict Form C. If the jurors had intended on finding Appellant guilty of only the lesser included offense, the foreperson would have had to also sign Verdict Form D, which would have shown that the jury found Appellant not guilty of the greater offense of injury to a child causing serious bodily injury. Only then would the jurors have deliberated as to whether Appellant was guilty of the lesser included offense. Accordingly, the trial court was correct in amending the ambiguous verdict forms and sending the jury back to deliberate based on the amended jury charge.

Appellant also argues that the trial court erred in failing to poll the jury when the jury returned the original, albeit ambiguous, verdict forms.

Article 37.04 of the Texas Code of Criminal Procedure provides for the reading and entry of the jury's verdict by the trial court. CRIM. PROC. art 37.04. Under Article 37.04, the verdict is entered into the minutes of the court if it is in proper form, no juror dissents, and neither party requests a poll of the jury. *Id.* Article 37.05 of the Texas Code of Criminal Procedure establishes the parties' right to have the jury polled and governs the process for entry of the jury's verdict when a poll is conducted. *Id.* art. 37.05 (West Supp. 2019). Under Article 37.05, each

juror is asked if the verdict is his or her verdict. *Id.* If each juror answers affirmatively, then the verdict is entered into the minutes of the court. *Id.* If a juror answers negatively, the jury will retire again to reconsider the verdict. *Id.* Polling the jury is used to "ensure the unanimity of the jury verdict by establishing that each juror agrees with the verdict as announced." *Jones v. State*, No. 01-10-00821-CR, 2011 WL 4612655, at *5 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd) (mem. op., not designated for publication).

Here, the trial court refused to initially poll the jury despite Appellant's numerous requests. However, because of the ambiguities in the jury charge, the verdict was not final, and thus, the request to poll the jury was premature. *Dudley v. State*, No. 12-11-00046-CR, 2012 WL 690069, at *3 (Tex. App.—Tyler Feb. 29, 2012, no pet.) (mem. op., not designated for publication).

Even assuming that the trial court should have polled the jury upon Appellant's initial requests, Appellant was not harmed by the trial court's failure to do so. A trial court's failure to poll the jury is nonconstitutional error. *Jones*, 2011 WL 4612655, at *6. Nonconstitutional errors require reversal only if the error could have impacted Appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). Neither Appellant nor the State has any formal burden to show harm or harmlessness under Rule 44.2(b). Rather, it is the reviewing court's duty to assess harm after conducting a proper review of the record to determine the influence the error had in light of all the other evidence. *Thomas v. State*, 505 S.W.3d 916, 926 (Tex. Crim. App. 2016).

Not granting Appellant's initial request to poll the jury did not affect Appellant's substantial rights. The original jury charge contained an erroneous verdict form for Count II. When the trial court discovered this error, it excused the jury from the courtroom and discussed the error with the parties in an effort to craft a remedy for the error. In this regard, the trial court bears the ultimate responsibility for the accuracy of the court's charge. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex.

Crim. App. 2007). Because of the error in the verdict form, Appellant was not harmed by the trial court's decision to deny Appellant's request to poll the jury prior to the correction of the error and the jury's resumption of deliberations.

As stated above, we find that the initial requests to poll the jury were not timely. Moreover, when the jury returned from deliberating the corrected jury charge, the trial court polled the jury, and the jury affirmed that the verdict on both counts was unanimous. Accordingly, we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgments of the trial court.


KEITH STRETCHER

JUSTICE


August 13, 2020

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.