Gerdie WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45865.

Court of Criminal Appeals of Texas.

March 21, 1973.

**282**

———◆———

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., and John E. Trube, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of driving while intoxicated; punishment was assessed at three days in jail and a $50.00 fine.

Appellant's sole ground of error relates to the receiving of the jury verdict.

An agreed statement of facts, signed by the attorney for appellant and the district attorney, and approved by the trial judge, states in part as follows:

"The jury retired to deliberate its verdict upon innocence or guilt. The jury returned to the Courtroom and announced that it had reached a verdict. The Charge was handed to the Court. The Court checked the same. Upon the page of the Charge (page 4) where the Presiding Judge signed beneath such signature of the Judge was written the word 'guilty'. On the next page (page 5), the page of the Charge containing the forms of verdict to be completed by the jury, being two in number, the formal verdict stating 'We, the jury, find the Defendant "not guilty"' with a place for the Foreman's signature was signed and executed by the Foreman. The second form 'We, the jury, find the Defendant "guilty" as charged in the Information' and providing a place for signature of the Foreman was empty.

"Over the Objection of the Defendant's Counsel, the Court ordered the jury to return to its chambers. The jury returned to its chambers and later returned into open Court stating again that it had arrived at a verdict and the Charge was presented to the Court and at that time the Foreman's signature in the not guilty form had been scratched out and the guilty verdict form place for signature had been filled in by the Foreman."

It is apparent from the record that the court did not make any explanation as to why it was sending the jurors back to redeliberate on their verdict. Article 37.10, Vernon's Ann.C.C.P., provides:

"If the verdict of the jury is informal, its attention shall be called to it, and with its consent the verdict may, under the direction of the court, be reduced to the proper form. If the jury refuses to have the verdict altered, it shall again retire to its room to deliberate, unless it manifestly appear that the verdict is intended as an acquittal; and in that case, the judgment shall be rendered accordingly, discharging the defendant."

Article 37.04, V.A.C.C.P., provides the method in which the verdict of the jury should be received, stating:

"When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict

shall be entered upon the minutes of the court."

In the instant case, the verdict form stating "We, the jury, find the defendant 'not guilty'" should have been read aloud by the clerk of the court. Then, if no juror dissented from the verdict of not guilty and neither party requested a poll of the jury, the verdict should have been entered upon the minutes of the court. Compare Article 37.10, supra.

At most, the trial judge, if he thought the verdict was not "reduced to the proper form" pursuant to Article 37.10, supra, should have brought same to the attention of the parties prior to directing the jury to return and further deliberate on their verdict. However, if "no juror dissent[ed] therefrom, and neither party request[ed] a poll of the jury," pursuant to Article 37.04, supra, the verdict should have been received.

Herein, the appellant was not afforded an opportunity to have the jury polled when the jury first announced that it had reached a verdict and was brought into court. Article 37.05, V.A.C.C.P., provides:

"The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answer in the negative, the jury shall retire again to consider its verdict."

In the instant case there is a showing of only one verdict having been returned when the jury first announced it had reached a verdict and that being a finding of not guilty. No opportunity was afforded to the appellant to develop in the record nor an announcement from the jury as to whether the word "guilty," which was written on a part of the main charge, was in fact intended as a verdict or was only a notation, or some scribbling by a juror. In Hay v. State, 472 S.W.2d 157, 160, this court stated:

"In effect the court's refusal to accept the signed verdict of not guilty, without first inquiring of the jury if not guilty was their verdict, amounted to an instructed verdict of guilty."

The state argues in its brief that: "The main object is to ascertain the intention of the jury . . . ." We agree, and point out that this may be done by utilizing the procedure set out in Article 37.05, supra. This was not done and reversible error was committed.

The judgment is reversed and the cause remanded.