**Arthur Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48816.

Court of Criminal Appeals of Texas.

July 17, 1974.

Durward D. Moore, and Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty., and George B. Shepherd, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted of murder with malice and the jury assessed his punishment at thirty-five (35) years.

The indictment charged appellant with the murder with malice of Essie Mae Johnson by shooting her with a gun on or about July 12, 1971.

No attack is made upon the sufficiency of the evidence, except that in his ground of error number one appellant contends that the State failed to prove the date of the offense as alleged in the indictment. He bases this contention upon these facts: The trial was held on January 3 to 6, 1972. In questioning the two eyewitnesses who testified that they saw appellant shoot his former girlfriend Essie Mae Johnson, in their presence with a pistol, the State's attorney in fixing the date in his questions used the date of July 12, 1972. The indictment was returned on September 24, 1971.

After acquiescing in the date of July 12, 1972, a date which had not yet arrived, the witnesses proceeded to detail occurrences that were obviously in the past and could not have been predictions or prophesies of events which they then expected to occur in the future. Thus, it would appear that the year stated in the questions and agreed to in their answers was an inadvertent error on the part of the questioner.

Further testimony in the record fully clarifies the true date of the killing. Officer Weir, called to the scene while the body of Essie Mae Johnson was still on the premises, fixed the date as July 12, 1971. Officer Brown arrived soon afterward and saw the blood and removed a .22 bullet from the floor. He fixed the date as July 12, 1971. Deputy Sheriff St. Clair was on duty on July 12, 1971, when appellant surrendered to him, delivered the .22 pistol to him and said he had just shot a woman. He fixed the date at July 12, 1971. Officer Poe took the same pistol to the police evidence box on July 12, 1971, and on July 13, 1971, Officer Donoho took it to the crime laboratory at Parkland Hospital. On July 13, 1971, Dr. Charles Petty of the crime laboratory performed an autopsy on the dead body of Essie Mae Johnson, and declared that her death was caused by two

bullet holes, from which he recovered the bullets. On July 13, 1971, Louie Anderson of the crime laboratory, a ballistics expert, examined the pistol surrendered by appellant to Deputy Sheriff St. Clair, and the bullets recovered from the body of Essie Mae Johnson, and gave his opinion that the bullets were fired from that pistol.

In questioning J. B. Gamble, a defense witness, appellant's attorney assumed the date alleged in the indictment, when he prefaced a question thusly: "Now, then, directing your attention back to July 12, 1971, that was the evening that Essie was shot."

█ From the entire record it was amply established that the offense occurred on July 12, 1971. As we said in Nelson v. State, 509 S.W.2d 367, the careless use of the wrong date in the preliminary questions of the prosecutor was a "slip of the lip," and does not merit reversal.

Ground of error number one is overruled.

Secondly, appellant contends that the trial court erred in ordering the jury back to deliberate after they had originally signed the verdict form finding him "not guilty."

At this trial appellant, with his consent, was also tried for assault with intent to murder Pauline Witt in the same transaction. Separate charges with separate forms for verdict were submitted to the jury. When the jury came into court after their deliberations, the court asked the foreman if the jury had reached a unanimous verdict in each case, to which the foreman replied: "Yes, we have." The court read the verdict in the case now before this court wherein appellant was charged with murder, and that verdict, signed by the foreman, found the appellant not guilty. There was a show of hands called for, but the record does not state whether all jurors then indicated their assent. The court then read a not guilty verdict in the assault with intent to murder case, likewise signed by the foreman, and

had a show of hands.[1] Whereupon the court said: "I take it there is a mistake. I take it then some or all of you did not vote for the verdict of not guilty in the case wherein the defendant is charged with murder. Am I correct that there is an error in your verdict?"

"THE FOREMAN: No, both verdicts were unanimous.

"THE COURT: I will read it again and let's be certain we understand each item. This is Cause No. 7130 wherein the charge is murder and the verdict that you signed on the form that you signed reads as follows: 'We, the jury, find the defendant not guilty.' Is that your verdict in the murder case?"

"THE FOREMAN: No.

"THE COURT: As I understand it then, what you are telling me, you have a unanimous verdict but that is not it. Am I correct in assuming the verdict that I read in the other case is unanimous as is correctly read?

"THE FOREMAN: Exactly.

"THE COURT: I will ask you then to retire to the jury room and take this one charge with you and I will ask your foreman to again poll the jury when you get back there and if your verdict is unanimous, enter it in the appropriate form or appropriate slot on the back. Retire the jury, Sheriff.

"(Whereupon, the jury was retired to the jury room after which the following the proceedings were held:)

"THE COURT: Bring the jury back in, please.

"(Whereupon, the jury was returned into open court and the following proceedings were held in the presence and hearing of the jury:)

"THE COURT: The Defendant will rise. Now, for the record, I'm reading the verdict in C–71–7130 where the Defendant stands charged by indictment with the offense of murder with malice. 'We, the jury, find the Defendant guilty of the offense of murder with malice aforethought, as charged in the indictment.' This is again signed by Victor V. Palomo. May I see the hands of those that voted for that verdict in this case. Fine. Thank you . . . . "

The verdict of guilty was entered upon the minutes of the court.

It is apparent from the record that the confusion arose because there were two verdicts in two different cases. When the court read the not guilty verdict in the murder case, and the court had a show of hands, although the result of the show of hands is not recorded in the statement of facts, the result thereof must have prompted the court's remark: "I take it then some or all of you did not vote for the verdict of not guilty in the case wherein the defendant is charged with murder." This must have been so, for nowhere in the record does it appear that any objection was made to the trial court as to the procedure in sending the jury back for further deliberations.

That the original verdict of not guilty was not the decision of the jury was affirmed by the foreman.

Article 37.04, V.A.C.C.P., reads:

"When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

■ Appellant relies upon White v. State, Tex.Cr.App., 492 S.W.2d 281 for reversal. In *White* there was no dissent to

[1] See and compare Art. 37.05, Vernon's Ann.C.C.P., for the proper manner of polling the jury.

the verdict, while here the foreman dissented and it was apparent that a mistake had been made. The court properly requested further deliberations by the jury and received and placed upon the minutes of the court the true decision of the jury.

We overrule ground of error number two.

The judgment is affirmed.

Opinion approved by the Court.