**Modesto Reyes RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–91–00387–CR.**

Court of Appeals of Texas,
San Antonio.

April 29, 1992.

Rehearing Denied June 15, 1992.

Grady L. Roberts, Jr., Law Office of Grady L. Roberts, Jr., Pearsall, for appellant.

Ilse D. Bailey–Graham, Asst. County Atty., Kerrville, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

CHAPA, Justice.

Appellant, Modesto Rodriguez, appeals a jury conviction for driving while intoxicated. The only issue before this court is whether the trial court committed reversible error in the procedure it adopted to receive the jury verdict.

The record reflects 1) that the jury returned with a verdict of not guilty, whereupon the trial judge read the verdict to the appellant, and then thanked the jury; 2) that the jury foreman then stated that the wrong verdict form had been signed; 3) that the prosecutor was permitted by the court to question the foreman about the verdict over the objections of the appellant[1], who contended that the effort was an attempt to impeach the jury verdict; 4) that after the State questioned the foreman at length, the State requested the jury be polled, to which the appellant objected, insisting that this was a further attempt to impeach the jury verdict; 5) that the court proceeded to "poll" the jury by asking each juror whether they had voted guilty or not guilty[2]; 6) that although the very first juror initially responded that she voted "not guilty", upon further inquiry by the court, the juror changed her statement to "guilty"; and, that after all the remaining jurors answered that their vote was "guilty", the court failed to have the jury reconvene for further deliberations pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.05 (Vernon 1981).

Although the record clearly reflects that the jury verdict was "not guilty" throughout the entire procedure at trial, it now appears in the record as "guilty" with the "not" crossed out. There is no explanation in the record as to how the verdict came to be altered. In fact, at the hearing on the motion for new trial, in addition to testifying that he was unaware of the correct procedure for polling the jury as set out by

art. 37.05, the trial judge further testified that at the trial, the verdict was "not guilty", that he had not altered it nor authorized anyone else to do so, and that the jury had not been returned to the jury room for further deliberation after being questioned by the State and court. The county clerk further testified that although she is responsible for keeping documents such as jury verdicts, the verdicts are public records, and that she was unaware that the verdict had been altered.

Art. 37.04 of the Texas Code of Criminal Procedure states:

When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

TEX.CODE CRIM.PROC.ANN. art. 37.04 (Vernon 1981).

Art. 37.05 of this same code states:

The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answer in the negative, the jury shall retire again to consider its verdict.

TEX.CODE CRIM.PROC.ANN. art. 37.05 (Vernon 1981).

We hold that *White v. State*, 492 S.W.2d 281 (Tex.Crim.App.1973), is controlling. *White* involved an appeal from a conviction for driving while intoxicated. As in the case before us, the jury returned a verdict of "not guilty." However, because the tri-

---

1. The prosecutor was even permitted to introduce the verdict as a State's exhibit, which indicated a finding of "not guilty" at the time the foreman was questioned by the prosecutor.

2. At the motion for new trial hearing, the trial judge, who was described as a retired judge and nonlawyer, admitted that he was not familiar with TEX.CODE OF CRIM.PROC.ANN. art.

37.05 (Vernon 1981), which sets out the proper method of polling the jury. The trial judge further stated that had he known about the proper procedure set out in art. 37.05, he would have followed it.

Article 37.05, which is set out hereafter, prescribes an entirely different method for polling the jury.

al judge saw the word "guilty" written in one of the prior pages of the charge, the court ordered the jury to return to the jury room without any instruction and over the objections of the appellant. The jury then returned with a verdict of "guilty." The Texas Court of Criminal Appeals reversed and remanded, pointing out the importance of following the procedure outlined in art. 37.05, stating that "[t]he state argues in its brief that: 'The main object is to ascertain the intention of the jury....' We agree, and point out that this may done by utilizing the procedure set out in Article 37.05, supra. This was not done and reversible error was committed." *White*, 492 S.W.2d at 283.

The State misplaces reliance on *Jones v. State*, 511 S.W.2d 514 (Tex.Crim.App.1974). *Jones* involves an appellant tried simultaneously, with his consent, for two separate charges of murder with malice of one victim and assault with intent to murder of another. After deliberation, the jury returned with two separate verdict forms announcing that they had reached a verdict on both charges. The record reflects that the trial court read the verdict on each of the two charges, which indicated a finding of not guilty as to both charges; that the court asked for a show of hands of the jurors that agreed with each verdict [3]; that although the opinion fails to indicate how many jurors raised their hands as to each of the two charges, the trial court apparently perceived a disagreement by some of the jurors with the not guilty finding as to the murder charge only; that the foreman also indicated a disagreement with the not guilty verdict as to the murder charge; that the court then ordered the jury to retire to the jury room to reconsider the murder charge; and, that after retiring to reconsider the murder charge verdict, the jury returned with a unanimous guilty verdict. The Court of Criminal Appeals affirmed, holding that "[t]he · [trial] court

properly requested further deliberations by the jury and received and placed upon the minutes of the court the true decision of the jury." *Jones*, 511 S.W.2d at 517.

Clearly, *Jones* is distinguishable from the case before us in that here, the appellant properly objected to the procedure adopted by the trial court, and the trial court failed to follow the procedure set out in TEX.CODE CRIM.PROC.ANN. art. 37.05 (Vernon 1981). The record before us further reflects that, contrary to the provisions of art. 37.05 and over objections of the appellant, the court permitted the State to question the foreman about the verdict prior to polling the jury [4]; the polling was not conducted as provided by art. 37.05; one of the jurors was questioned further after indicating that she voted "not guilty"; the court failed to return the jury for further deliberation to reconsider its verdict; and, the verdict was not properly corrected, but appears to have been improperly altered.

The State insists, however, that under the holding of *Beasley v. State*, 634 S.W.2d 320 (Tex.Crim.App.1982), appellant should be denied relief because he manipulated the judicial process by objecting to the suggestion that the court return the jury for further deliberation. We disagree.

*Beasley* involved an appellant that initially entered a plea of guilty. A jury was then selected to hear evidence and assess punishment. The trial court sua sponte withdrew the plea of guilty and entered a plea of not guilty after the appellant testified, denying an element of the offense. On appeal, the appellant complained that he was denied due process by the trial proceeding before the same jury after the changed plea, although the only objection made before the trial court was that "the jury has not been voir dired on guilt or innocence." *Beasley*, 634 S.W.2d at 321. The Court of Criminal Appeals denied the appellant relief because 1) "the procedure

---

**3.** Although no objection was made to the show of hands procedure adopted by the trial court, the Court of Criminal Appeals nevertheless emphasized in a footnote that the correct manner to poll the jury is found in art. 37.05, stating "[s]ee and compare Art. 37.95, Vernon's Ann.

C.C.P., for the proper manner of polling the jury." *Jones*, 511 S.W.2d at 516 fn 1.

**4.** The trial court conceded at the hearing on the motion for new trial that it was not aware of the provisions of art. 37.05.

followed by the trial court ... was proper"; and 2) the appellant should not be allowed to "plead guilty, and after seeing how damaging the State's evidence is, ... take the stand and force a new trial before a new jury by denying an element of the offense." *Id.*

*Beasley* is distinguishable from the case before us in that in the present case, the appellant did not voluntarily plea guilty, did not thereafter voluntarily take the stand, and did not voluntarily deny an element of the offense, attempting to force a new trial.

Further, contrary to the provisions of Tex.R.App.P. 74, the State has failed to properly direct this court to the record where the alleged objection by appellant took place, which formed the basis of the State's contention. However, our review of the record reveals the following exchange which appears to be what the State is referring to:

THE COURT: Do you want them to reconvene and make the proper correction?

[THE STATE]: Yes.

THE COURT: Would you retire to the jury room?

[THE STATE]: I think what we need to do is get another verdict form.

THE COURT: All right.

[THE STATE]: Do you have any objections to that?

[DEFENSE]: I do—

[THE STATE]: There is a record of this.

[DEFENSE]: I don't think it needs to be—

[THE STATE]: I don't think so, Judge. There is a record. All right.

These remarks of appellant, if they can be called objections, were clearly insufficient. The remarks 1) were not in proper form, 2) were not made in response to a ruling by the court but were made in response to an inquiry by the State as to whether a new jury verdict form was needed, 3) were not clear or precise, and 4) failed to state any grounds. *See Bird v. State,* 692 S.W.2d 65, 70 (Tex.Crim.App. 1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Harris v.*

*State,* 565 S.W.2d 66 (Tex.Crim.App.1978). Surely, had the appellant attempted to contend on appeal that error had been properly preserved by these remarks, the State would have correctly pointed out the insufficiencies. Moreover, these remarks cannot be compared to the actions of the defendant in *Beasley,* and cannot be described as a "manipulation [of] the judicial process." *Beasley,* 634 S.W.2d at 321.

As in *White,* the trial judge here clearly failed to "utiliz[e] the procedure set out in Article 37.05," and as a result, "reversible error was committed." *White,* 492 S.W.2d at 283. Moreover, in addition to the complete failure of the court to follow the procedures set out in art. 37.05, the totality of the circumstances surrounding the receiving of this unexplained altered verdict, casts serious due process doubts on the entire transaction, and demands reversal.

The judgment is reversed and the cause is remanded for a new trial.