**Albert David PARTIDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–206–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Oct. 30, 2003.

Noel Henry Reese, for appellant.

Frank Follis, W.C. Kirkendall, Dist. Atty's Office, Seguin, for appellee.

Before Justices HINOJOSA, CASTILLO, and AMIDEI.[1]

## OPINION

Opinion by Justice MAURICE AMIDEI (Assigned).

Appellant, Albert David Partida, appeals from a conviction after a jury trial on one of two counts of an indictment for retaliation, and receiving a sentence of a five year prison term probated, a $2,500.00 fine, and thirty-day jail term not probated. Appellant was found not guilty on the other retaliation count. We affirm.

### Factual and Procedural Background

Appellant was arrested on June 20, 1998 on suspicion of driving while intoxicated. Retaliatory threats were made by the appellant to the arresting officer during the time he was transported to jail. The officer turned on his radio microphone hoping the Sheriff's Department dispatcher recorder would record appellant's threats but the recording only recorded the dispatcher's voice, not the appellant's. The officer did not seize the tape and allowed it to be routinely recycled because appellant's voice was not recorded on it. Appellant did not say anything while the officer's microphone was keyed or turned on.

Appellant's motion to dismiss because he was deprived of the tape was overruled.

Appellant made a *Batson*[2] challenge claiming several of the State's strikes were against minority venire members for discriminatory reasons on the basis of age and gender because he is a Hispanic male. The trial court denied appellant's *Batson* challenge.

The jury returned a verdict on Count I, and advised the court they could reach a decision on Count II if they further deliberated. The trial court accepted the jury's verdict on Count I before sending the jury back with instructions to deliberate and decide Count II.

### Issues Presented

Three issues are presented for review by appellant:

■ Appellant's issue number one asserts that the trial court erred by denying appellant's motion to dismiss because the state intentionally destroyed evidence that was exculpatory or mitigating in nature.

■ The trial court granted appellant's motion to discover the tape recording made while he was being transported to jail in the arresting officer's car. The State could not produce the tape because it had been recycled and recorded over, and appellant filed a motion to dismiss. The State admitted the tape did not contain any threats by appellant and that the tape had been destroyed. Appellant argues that he was deprived of the use of the tape to impeach the testimony of officer Cenotti that appellant made threats while being transported. While appellant was entitled

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Refers to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which holds the Equal Protection Clause of the United States Constitution prohibits the discriminatory use of peremptory challenges due to race.

to use the tape if it existed, appellant and the officer testified there were no threats by appellant on the tape. Appellant obtained comparable evidence to counter any inference or argument that any threats were on the tape. The State is not required to preserve exculpatory evidence if it is available from another source. *California v. Trombetta*, 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). To prove the State violated its duty, and thereby denied the defendant due process, a criminal defendant must establish that the State acted in bad faith when it failed to preserve the potentially exonerating evidence. *Carmona v. State*, 880 S.W.2d 227, 230–31 (Tex.App.-Austin 1994, no pet.). Further, the criminal defendant must also establish that the evidence would have been both material and favorable to his defense. *Id.* Texas has chosen to follow a rule which requires the trial court to permit discovery only if the evidence sought is material to the defense of the accused. *Quinones v. State*, 592 S.W.2d 933, 941 (Tex.Crim.App.1980). Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Ealoms v. State*, 983 S.W.2d 853, 859 (Tex.App.-Waco 1998, pet. ref'd).

The fact the State admitted there were no threats on the tape indicates there was no bad faith involved when it was recorded over. There was no evidence that the destruction of the recording by taping over the period of time in question was motivated by an intention to destroy evidence. Instead the tape was routinely recorded over to reuse the tape. Had the tape been preserved and offered for the jury's consideration, it would not have been more effective than the testimony of appellant and the officer that there were no threats recorded on the tape. The tape was not material because it is not reasonably probable that the result of the proceedings

would have been different had the tape been preserved and heard by the jury. *Id.* Appellant had an alternate source for the same evidence which he claims could have been gained by the use of the tape. *Id.; see California v. Trombetta*, 467 U.S. at 488, 104 S.Ct. 2528. The officer never claimed there were threats on the tape, or denied the tape had been recorded over. Therefore, there was nothing appellant could use to impeach the officer's testimony regarding the tape.

In any event, even if the trial court made an error of law overruling appellant's motion to dismiss, we cannot reverse the trial court judgment because we conclude that the error complained of probably did not cause the rendition of an improper judgment or prevent the appellant from properly presenting the case to the court of appeals. Tex.R.App. P. 44.1(a)(1)(2).

Appellant's issue number one is overruled.

Appellant's issue number two claims the trial court erred in failing to sustain appellant's *Batson* objection even though the State gave as its racially neutral reason for striking several potential jurors the fact they were young.

■ The *Batson* challenges were made by appellant at the conclusion of voir dire claiming that strikes made by the State were made on the basis of race. The State made explanations for the use of its peremptory strikes as follows:

> Jo Edward Jarman, an African–American was struck because he did not appear to be intelligent enough to serve on a jury. He couldn't fill out his juror information card and when I asked him questions he could not understand them nor did he respond in what I consider to be an intelligible manner. I thought he

would be a non-entity as a juror or easily influenced.

▮▮▮ Intelligence is a race neutral reason for a challenge. *Satterwhite v. State*, 858 S.W.2d 412, 423 (Tex.Crim.App.1993); *Johnson v. State*, 740 S.W.2d 868, 871 (Tex.App.-Houston [14th Dist.] 1987, pet ref'd).

> Martha Jo Guerra was struck because she went to school with the defense counsel. She has a family member that has been charged with possession of a controlled substance and, according to my Assistant District Attorney as she observed her, she was smiling. As Ms. Gibson put it, "making eyes at the defendant," during the jury selection process, and, because of what Ms. Gibson told me, I struck her.

▮▮▮ Appellant argues that the Guerra strike was based on gender and violates *Batson*. Appellant cites *Guzman v. State*, 20 S.W.3d 237, 240–41 (Tex.App.-Dallas 2000, pet. granted), which supports the proposition that gender cannot be a neutral reason for striking a prospective juror. However, smiling at the appellant and making eyes at him is behavior based and gender neutral. The State should not be expected to accept a juror who improperly behaved as did juror Guerra. Appellant did not cite authority in point factually to support his argument as to this juror. TEX.R.APP. P. 38.1(h).

> Ossie Jarmon Upton, juror 14, who is black, responded to a defense question and said she had been offended by a police officer and believes police officers were more suspicious than normal people and she raised her hands in answer to both of those questions and, if she had been offended by a police officer, I certainly don't want her on this type of case.

▮▮▮ The State argues that its strike of juror Upton was race neutral and appropriate since this case involved retaliation against a peace officer, and cites *Ealoms v. State*, 983 S.W.2d 853, 856–57 (Tex.App.-Waco 1998, pet. ref'd). Appellant does not specifically address any particular juror or cite any authority other than the *Batson* and *Guzman* cases which are not contrary to the State's position.

> Michael Navejar, juror No. 16, 19 years old and, as the Court knows and as I have testified to repeatedly over the years being District Attorney, I believe the younger the juror, the less reliable they are, and the State routinely strikes jurors below the age of 30 and he is 19 years old.

▮▮▮ Youth and employment (or lack thereof) are acceptable race-neutral explanations for striking a prospective juror. *See Ealoms v. State*, 983 S.W.2d at 856–57.

> Francisco Rincon was struck because he has a shaved head and wears an earring, an effect which appears to me to be anti-establishment and not sympathetic to the State.

▮▮▮ The appearance of a juror is a race neutral reason for a peremptory challenge. *Ealoms v. State*, 983 S.W.2d at 856. An explanation for the strike, even a "silly or superstitious" explanation will be acceptable as long as it is race or gender neutral. *See Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *Guzman v. State*, 20 S.W.3d at 241.

> Cruz Cedillo was struck because he was charged with aggravated assault. I did the same thing on Anglo juror, Raymond Mercer. He was charged with assault and I struck him as I did Mr. Cedillo. I was perfectly consistent with that.

▮▮▮ Criminal history is a race neutral reason for striking a prospective juror. *Chambers v. State*, 866 S.W.2d 9 (Tex. Crim.App.1993).

Henry Joe Guerra is under the age of 30 and he has previously served. He served on a jury last year in Gonzales County where they found a Defendant not guilty. He testified that he served on a jury last year. I remember the jury he served on and they found the Defendant not guilty, so I have evidence that he is not friendly to the State, at least not. If he has previously found a guy not guilty, I am going to strike him. And Frank Guerra is also under the age of 30 and that was the only reason he was struck.

▮▮▮ Age is a race neutral reason to strike a juror. *Id.; see also Ealoms v. State,* supra. The State can properly strike a prospective juror who previously found a defendant not guilty because the strike is based on behavior and not race.

▮▮▮ Once the ·State gives a race-neutral explanation for the strike, the burden shifts back to the defendant to show that the explanation is a sham or pretext. *Pondexter v. State,* 942 S.W.2d 577, 581(Tex.Crim.App.1996). However, appellant did not cross examine the District Attorney or present any rebuttal evidence as to any of the prospective jurors in question.

The trial court's ruling on the *Batson* objection was not clearly erroneous. *Stiles v. State,* 927 S.W.2d 723, 727(Tex.App.-Waco 1996, no pet.).

Appellant's issue number two is overruled.

▮▮▮ Appellant's issue number three argues that the trial court erred when it improperly accepted a verdict on one count while the jury was still deliberating the second count.

The jury announced it reached a unanimous verdict on Count I of the indictment, but had not reached a verdict on Count II.

The jury Foreman stated that further deliberation would lead to a unanimous verdict on Count II. Appellant objected to the jury returning a verdict on one count without reaching a complete verdict on both counts, but did not request a poll of the jury at that time. The trial court accepted the guilty verdict and sent the jury back with instructions to continue deliberation. Appellant did not object to the court requiring the jury to deliberate further and instructing the jury in such manner. After the jury returned a unanimous not guilty verdict on Count II, appellant requested and was granted a poll of the jury on Count I. No other requests to poll the jury were made.

Appellant claims the trial court should have polled the jury on Count I when they first announced a verdict on that count, or asked either attorney if they wished to have the jury polled. The State or the defendant has the right to have the jury polled [3] but a request must be made to poll the jury and an objection if the trial court refuses. *Reese v. State,* 773 S.W.2d 314, 317 (Tex.Crim.App.1989). Appellant's failure to object waived any complaint the trial court failed to poll the jury. *Ford v. State,* 870 S.W.2d 155, 162 (Tex.App.-San Antonio 1993, pet. ref'd). In *White v. State,* 492 S.W.2d 281, 282–83 (Tex.Crim.App. 1973), cited by appellant, the Texas Court of Criminal Appeals reversed a judgment where the defendant objected and requested the trial court to poll the jury, and the court refused to accept a not guilty verdict or poll the jury, which amounted to an instructed verdict of guilty. *White* also states, "If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court." *Id.* (citing article 37.04 of the criminal procedure code). The instant case is distin-

3. TEX.CODE CRIM. PROC. ANN. art. 37.05 (Vernon 1981).

guishable from the *White* case because appellant did not request that the jury be polled, or object that the jury was not polled. The case *Perryman v. State,* 102 Tex.Crim. 531, 278 S.W. 439, 440 (1925), also cited by appellant is distinguishable from the instant case because in that case after the jury was polled, and told by the court they were discharged, the court thereafter improperly reassembled the jury and permitted the jury to bring in another and different verdict in the same case. The trial court in the instant case accepted the jury verdict on Count I and did not allow the jury to change their verdict.

Appellant cites no authority that prohibits a trial court from accepting a verdict on one count of an indictment which was unanimous, and requiring the jury to deliberate further on the second count. In *Reese v. State,* 773 S.W.2d at 317, the trial court, which twice sent the jury back to deliberate due to incomplete and ambiguous verdicts regarding prostitution and sexual assault, did not err in the manner it received the jury verdict, despite the fact that the trial court failed to read the verdicts to the jury before requiring redeliberation, because the defendant did not object when the trial court sent the jury back to deliberate or request to poll the jury pursuant to Texas Code of Criminal Procedure arts. 37.04–.05. We believe the *Reese* case is closer in point than the cases cited by appellant, and supports our affirming the instant case.

Appellant waived any complaint by failing to request a poll of the jury and object to the trial court for failing to poll the jury after accepting the Count I verdict and sending the jury back for further deliberations on Count II. As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure and (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection or motion, and the complaining party objected to the refusal. TEX. R. APP. P. 33.1(a)(1)(A)(B)(2)(A)(B); *Ford v. State,* 870 S.W.2d at 162; *Reese v. State,* 773 S.W.2d at 317.

We conclude that even if the trial court erred in the manner it accepted Count I it probably did not cause the rendition of an improper judgment or prevented the appellant from properly presenting the case to the court of appeals. TEX.R.APP. P. 44.1(a)(1)(2). Thus, there was no reversible error. *Id.*

Appellant's issue number three is overruled.

The judgment of the trial court is affirmed.