ACCEPTED
07-14-00265-cr
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
2/9/2015 8:50:25 AM
Vivian Long, Clerk

NO. 07-14-00265-CR

IN THE COURT OF APPEALS FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

2/9/2015 8:50:25 AM

VIVIAN LONG
CLERK

_____

**CHRISTINA ROCHA,**
*Appellant*

v.

**THE STATE OF TEXAS,**
*Appellee*

_____

ON APPEAL FROM COUNTY COURT NO. 2
BEXAR COUNTY, TEXAS
CAUSE NO. 240655

_____

BRIEF FOR THE STATE

_____

NICHOLAS "NICO" LAHOOD
Criminal District Attorney
Bexar County, Texas

STEPHANIE A. LEWIS
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva St., Ste. 526
San Antonio, Texas 78205
Phone: (210) 335-2110
Stephanie.Paulissen@bexar.org
State Bar No. 24086675

Attorneys for the State of Texas

**ORAL ARGUMENT WAIVED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), the parties to the suit are as follows:

| | |
|---|---|
| **APPELLANT** | **Christina Rocha** |
| **TRIAL JUDGE** | **The Honorable Raymond Angelini** <br> **187th District Court** |
| **TRIAL PROSECUTORS** | **Daryl Harris** <br> State Bar No. 24046028 <br> **Daniel Rodriguez** <br> State Bar No. 24051261 <br> Assistant Criminal District Attorneys <br> 101 W. Nueva St. <br> San Antonio, Texas 78205 |
| **TRIAL DEFENSE ATTORNEYS** | **Michael A. Baird** <br> State Bar No. 24078178 <br> **Shawn Sareen** <br> State Bar No. 24079274 <br> 1203 Buena Vista St. <br> San Antonio, Texas 78207 |
| **APPELLATE STATE'S ATTORNEY** | **Stephanie A. Lewis** <br> State Bar No. 24086675 <br> Assistant Criminal District Attorney <br> Paul Elizondo Tower <br> 101 W. Nueva St., Ste. 526 <br> San Antonio, Texas 78205 <br> (210) 335-2110 <br> Stephanie.Paulissen@bexar.org |
| **APPELLATE DEFENSE ATTORNEY** | **Richard Langlois** <br><br> State Bar No. 11922500 <br> 217 Arden Grove <br> San Antonio, Texas 78215 <br> (210) 215-0341 |

**TABLE OF CONTENTS**

**Page(s)**

Identity of Parties and Counsel ................................................................... ii

Table of Contents ...................................................................................... iii

Index of Authorities ................................................................................... iv

Brief for the State ...................................................................................... 1

Statement of Facts ...................................................................................... 1

Summary of the Argument .......................................................................... 4

Argument ................................................................................................... 5

I. State's Response to Appellant's Sole Point of Error
Appellant's sole point of error that the trial court improperly instructed the jury on
Texas Rule of Evidence 615 should be overruled because the trial court did not abuse
its discretion, and this alleged error was harmless.. ..................................... 5

Argument & Authorities ................................................................. 5

Prayer ....................................................................................................... 10

Attorneys for the State ............................................................................... 10

Certificate of Service ................................................................................. 11

# INDEX OF AUTHORITIES

## Cases

*Brooks v. State*, 323 S.W.3d 893, 904 (Tex. Crim. App. 2010). ............................... 8

*Delgado v. State*, 235 S.W.3d 244 (Tex. Crim. App. 2007)...................................... 7

*Hay v. State*, 472 S.W.2d 157 (Tex. Crim. App. 1971)............................................. 6

*Heiselbetz v. State*, 906 S.W.2d 500 (Tex. Crim. App. 1995)................................... 8

*Holmes v. State*, 248 S.W.3d 194 (Tex. Crim. App. 2008). ...................................... 6

*Jones v. State*, No. 03-03-00067-CR, 2003 Tex. App. LEXIS 10329 *1

        (Tex. App.—Austin Dec. 11, 2003, pet. ref'd)................................. 8

*Rodriguez v. State*, 90 S.W.3d 340 (Tex. App.—El Paso 2001, pet. ref'd). ............. 6

*Stuhler v. State*, 218 S.W.3d 706 (Tex. Crim. App. 2007)........................................ 7

*Torres v. State*, 71 S.W.3d 758 (Tex. Crim. App. 2002)........................................... 6-7

*White v. State*, 492 S.W.2d 281 (Tex. Crim. App. 1973). ......................................... 6

## Statutes

Tex. Code Crim. Proc. Ann. art. 36.13 (West 2013). ................................................. 6

Tex. Code Crim. Proc. Ann. art. 38.04 (West 2013). ................................................. 7

Tex. Code Crim. Proc. Ann. art. 38.05 (West 2013). ................................................. 6

Tex. Penal Code Ann. § 22.02 (West 2013)............................................................... 1

## Rules

Tex. R. App. P. 38.1(a). .............................................................................................. ii

Tex. R. App. P. 33.1. .................................................................................................. 6

Tex. R. App. P. 44.2(a)............................................................................................... 7

| | | |
|---|---|---|
| **CHRISTINA ROCHA,** | § | **COURT OF APPEALS** |
| **Appellant** | § | |
| | § | |
| | § | |
| **VS.** | § | **SEVENTH JUDICIAL DISTRICT** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | **AMARILLO, TEXAS** |

## BRIEF FOR THE STATE

To the Honorable Seventh Court:

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State. Appellant, Christina Rocha, was charged by Indictment with Aggravated Assault with a Deadly Weapon, pursuant to Section 22.02 of the Texas Penal Code (CR at 6). After hearing all the evidence, the jury found Appellant guilty, and she was sentenced to five (5) years of confinement in the Institution Division of the Texas Department of Criminal Justice (CR at 101–02). Appellant timely filed notice of appeal on the 18th day of June, 2014 (CR at 108).

## STATEMENT OF FACTS

On October 19, 2012, Nancy Rodriguez, hereinafter called Complainant, was driving around San Antonio trying to find her husband, Jaime Rodriguez (3 RR at 32–33). Complainant and her husband had planned to meet, so she went to pick him up at work (3 RR at 32–33). After she realized that her husband was not at work, she drove to the home of his mistress, Appellant Christina Rocha (3 RR at 33). When Complainant arrived, Appellant came out of her home, and the two women began to argue (3 RR at 66,

1

107, 141). That argument escalated into a physical fight (3 RR at 66, 107, 141). Mr. Rodriguez came out and separated the two women, and Complainant walked towards her car (3 RR at 67, 108, 142). Appellant went inside, returned with a four-and-a-quarter-inch serrated kitchen knife in her hand, and approached Complainant (3 RR at 25, 109, 143). As Appellant got closer, Complainant put her hands up in a defensive position, and Appellant stabbed Complainant on the upper left side of her body (3 RR at 70, 109, 144). Complainant staggered back towards her car and collapsed, and Appellant walked back inside her house as witnesses ran to Complainant's aid (3 RR at 72, 110, 144).

In Appellant's case-in-chief, one of her neighbors, Lillian Sifuentes, testified that Complainant pulled up to Appellant's house, got out of her car, and began screaming threats at Appellant (3 RR at 159–60). After the fight, Ms. Sifuentes stated that Appellant went back inside her house, and Complainant ran towards the house and started banging on the door, continuing to threaten Appellant's life (3 RR at 162). She also testified that Complainant opened the door to Appellant's home (3 RR at 165). At that point, Ms. Sifuentes stated that she went inside her own home, so she did not see Appellant stab Complainant (3 RR at 166–67).

According to Ms. Sifuentes, she gave a written statement to Appellant's first attorney, Al Acevedo (3 RR at 197). When the court and trial attorneys learned this information, the court instructed Appellant's trial attorney, Michael Baird, to find that statement and tender it to the State's attorneys (3 RR at 198). When the trial resumed the following day, Mr. Baird advised the court that he was unable to locate Ms. Sifuentes' statement (4 RR at 21). The State moved to strike Ms. Sifuentes' testimony pursuant to

2

Texas Rule of Evidence 615 (4 RR at 20). Instead of striking the testimony, the court

decided to orally instruct the jury on what the law is, and that the defense attorneys do not

have Ms. Sifuentes' statement to produce to the State (4 RR at 21). When the court and

the attorneys discussed this course of action, defense counsel replied, "No problem with

that, Judge" (4 RR at 21). Specifically, the court instructed the jury:

> "Ladies and Gentlemen, a situation has occurred concerning the last witness. The last witness testified that she made a written statement. Anytime a witness makes a written statement or report, the other side has to turn it over to them; as you noted what the prosecution did to the Defense. The Defense attorneys have said that there is no written statement. You're to take that into consideration concerning this last witness' testimony (4 RR at 23)."

Appellant now argues to this Court that the this oral instruction constitutes reversible

error.

## SUMMARY OF THE ARGUMENT

**Response to Appellant's Sole Point of Error:**

Appellant's sole point of error that the trial court improperly instructed the jury on Texas Rule of Evidence 615 should be overruled because the trial court did not abuse its discretion, and this alleged error was harmless.

# ARGUMENT

## I. STATE'S RESPONSE TO APPELLANT'S SOLE POINT OF ERROR:

**Appellant's sole point of error that the trial court improperly instructed the jury on Texas Rule of Evidence 615 should be overruled because the trial court did not abuse its discretion, and this alleged error was harmless.**

In Appellant's sole point of error, he argues that the trial court improperly instructed the jury regarding Lillian Sifuentes' testimony. This point of error is without merit.

## Argument and Authorities

### i. Failure to Preserve Error

Appellant argues that the trial court abused its discretion when it orally instructed the jury that it may consider the absence of Lillian Sifuentes' statement. However, Appellant waived her right to complain about this instruction on appeal when her defense counsel agreed to the instruction.

When Ms. Sifuentes stated on the witness stand that she gave a written statement to Appellant's first defense attorney, the trial court adjourned and ordered Appellant's attorney at that time, Mr. Michael Baird, to find the statement. Mr. Baird returned to court the next morning and advised that he could not locate any statement by Ms. Sifuentes (4 RR at 21). The court decided to advise the jury that Texas Rule of Evidence 615 exists, and that they could take that into consideration (4 RR at 22–23). In response to the court's idea to give the instruction, Mr. Baird said, "[t]hat would be perfectly fine" (4 RR at 23).

5

A timely objection is required to preserve alleged errors made by the trial court. Tex. R. App. P. 33.1 (West 2013); *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). Because Mr. Baird did not object to the court's oral instruction, Appellant cannot complain about the instruction on appeal.

**ii. No Abuse of Discretion**

Even if Appellant had preserved this issue for appellate review, the trial judge did not abuse his discretion in giving the jury this instruction. When reviewing a trial judge's decision to admit or exclude evidence, an appellate court must determine whether the judge's decision was an abuse of discretion. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). Unless the decision was outside the "zone of reasonable disagreement," an appellate court should uphold the ruling. *Id*.

A trial court has the discretion to give the jury oral instructions to remedy unique issues that may arise. *See White v. State*, 492 S.W.2d 281 (Tex. Crim. App. 1973); *Hay v. State*, 472 S.W.2d 157 (Tex. Crim. App. 1971); *Rodriguez v. State*, 90 S.W.3d 340, 370–72 (Tex. App.—El Paso 2001, pet. ref'd). In handling such issues, the trial court shall not discuss or comment on the weight of the evidence or its bearing in the case. Tex. Code Crim. Proc. Ann. art. 38.05 (West 2013).

In this case, the court determined that the best course of action would be to apprise the jury of the law requiring written witness statements to be tendered to opposing counsel prior to cross-examination. It is within the court's authority to instruct the jury on the existence of applicable law. *See* Tex. Code Crim. Proc. Ann. art. 36.13 (West 2013).

Therefore, the trial judge did not abuse his discretion in this case. *See Torres*, 71 S.W.3d at 760.

**iii. Any Error is Harmless**

If this Court finds that the trial judge erred in instructing the jury regarding the existence of Texas Rule of Evidence 615(e), such error was harmless. Because the alleged error in the present case is not of federal constitutional origin, it must be subjected to a harm analysis. Tex. R. App. P. 44.2(a) (West 2013). Appellant did not object to the trial court's instruction, so any alleged error is reversible only if the error was so egregiously harmful under the circumstances as to have denied Appellant a fair and impartial trial. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007). To determine if charge error was egregiously harmful, appellate courts examine the record as a whole, including the charge, the contested issues, the weight of the probative evidence, and the arguments of counsel. *Id.*

Appellant argues that the court's instruction discredited her defense, permitting the jurors to disregard Lillian Sifuentes' testimony if they found that she was not credible. (Appellant's Br. 19). It is well settled that jurors are the sole judges of facts, and of the weight to be given testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 2013). Resolution of conflicts in the evidence is within the exclusive province of the jury, and the jury may choose to believe all, some, or none of the testimony or evidence presented.

*Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). Therefore, with or without the court's instruction, the jurors were permitted to believe or disbelieve Ms. Sifuentes' testimony, and the appellate court cannot sit as a thirteenth juror and judge the credibility of witnesses. *See id*.; *Brooks v. State*, 323 S.W.3d 893, 904 (Tex. Crim. App. 2010).

The Third Court of Appeals has addressed the issue of oral instructions in *Jones v. State*, No. 03-03-00067-CR, 2003 Tex. App. LEXIS 10329 *1 (Tex. App.—Austin Dec. 11, 2003, pet. ref'd). In *Jones*, the jurors sent out a note to the court during deliberations stating that the presiding juror had reservations about the verdict. *Id*. at *20. After a bench conference, the court and the attorneys agreed that the court should orally instruct the jury that the verdict must be unanimous. *Id*. at *21. The defendant complained on appeal that the oral instruction caused egregious harm. *Id*. at *20. The Third Court of Appeals determined that the court's oral instruction was harmless because it was not a comment on the evidence, and it echoed the instruction in the jury charge that a verdict must be unanimous. *Id*. at *25.

In the present case, after an examination of the record as a whole, this Court will find that any alleged error in giving this instruction was harmless. During trial, the State presented overwhelming evidence of guilt. The State called three lay witnesses who consistently testified that Appellant and Complainant got into an altercation, Appellant went inside her house while Complainant walked back towards her car, then Appellant returned with a knife and stabbed Complainant (3 RR at 70, 109, 144). Lillian Sifuentes testified for the defense that Complainant was banging on Appellant's front door while

8

screaming threats at Appellant (3 RR at 162–65). However, on cross-examination, the prosecutor pointed out that there were various obstructions that would have blocked Sifuentes' view of Appellant's recessed front door (3 RR at 179).

In addition, Ms. Sifuentes' testimony was the only evidence that raised the issue of self-defense. A self-defense instruction was included in the jury charge, and the jury was free to believe Ms. Sifuentes' version of events. The jurors chose, however, to believe the several other lay witnesses who testified that Complainant was trying to leave the property when Appellant stabbed her. The trial court's oral instruction, given in the context of the rest of the evidence, did not vitally affect Appellant's self-defense theory. Therefore, it did not result in an unfair trial, and was not harmful error.

## CONCLUSION

Appellant did not preserve this error for appellate review. Even so, the trial court did not abuse its discretion by giving the jury this oral instruction, and any alleged error was harmless. Therefore Appellant's sole point of error should be overruled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas submits that the judgment of the trial court should, in all things, be AFFIRMED.

Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas

/s/ Stephanie A. Lewis
Stephanie A. Lewis
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva St., Ste. 526
San Antonio, Texas
Phone: (210) 335-2110
Stephanie.Paulissen@bexar.org
State Bar No. 24086675

*Attorney for the State*

**CERTIFICATE OF SERVICE**

I, Stephanie A. Lewis, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the above and foregoing brief has been sent by electronic mail to Appellant's attorney of record, Richard Langlois, on this 9th day of February, 2015.

**CERTIFICATE OF COMPLIANCE**

I, Stephanie A. Lewis, certify that the State's brief is approximately 2,700 words.

_____
Stephanie A. Lewis
Assistant Criminal District Attorney

**Richard Langlois**
217 Arden Grove
San Antonio, Texas 78215

*Attorney for Appellant*

11